## Richmond

### JAMES C. STRICKLAND

### v.

### JESSE HOWARD SIMPKINS

January 16, 1981.

Record No. 781618.

Present: All the Justices.

*Stephen C. St. John* (*Williams, Worrell, Kelly & Greer,* on brief), for appellant.

*Maurice Steingold* (*Judith M. Zeigler; Steingold & Chovitz, P.C.,* on brief), for appellee.

HARRISON, J., delivered the opinion of the Court.

The issue involved in this case is whether the plaintiff is entitled to

invoke the tolling provision of Code § 8.01-229(E)(1), which provides, in pertinent part:

> [I]f any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

On August 11, 1975, James C. Strickland brought an action in the court below against Robert W. Simpkins, Jesse H. Simpkins, and Jack A. Booher, alleging a fraudulent sale to plaintiff of an air compressor on October 12, 1970. On June 2, 1978, this action was dismissed. The court found that Strickland had not exercised due diligence to have service of process made on the defendants Robert W. and Jesse H. Simpkins within one year, and thereby failed to comply with Rule 3:3 of this court. Strickland promptly filed another action against Jesse H. Simpkins, alleging the same cause of action. On August 21, 1978, the trial court sustained Simpkins' plea of the statute of limitations and dismissed the plaintiff's motion for judgment.

All parties agree that the five-year statute of limitations applies. Code § 8.01-243(B). The chronology of the case is important. Strickland's original action was filed approximately two months before it would have been barred by the five-year limitation statute. This action was pending for over two years and nine months before being dismissed. Strickland filed his second action against Jesse H. Simpkins on June 2, 1978, claiming that the five-year statute had been tolled during the time his first action was pending in the court below. In substance, Strickland claims, relying upon Code § 8.01-229(E)(1), that he had five years plus toll time, or a total of seven years, nine months and twenty-one days, in which he could bring his action against Simpkins.

Prior to October 1, 1977, the tolling of the statute of limitations during the pendency of an action was controlled by Code § 8-34. In *Woodson* v. *Commonwealth Util., Inc.*, 209 Va. 72, 74, 161 S.E.2d 669, 670-71 (1968), we pointed out the four instances in which there was a suspension of the statute of limitations by reason of the pendency of a former suit brought in due time:

> (1) Where such suit abates "by the return of no inhabitant," i.e., where the writ is not served for that reason; (2) where the suit

abates by reason of the "death or marriage" of a party; (3) where, after the plaintiff has obtained a judgment or decree in his favor, it is "arrested or reversed upon a ground which does not preclude a new action or suit for the same cause"; and (4) where "there be occasion to bring a new action or suit by reason of the loss or destruction of any of the papers or records in the former suit or action which was in due time." [Citations omitted.]

The 1977 General Assembly repealed Title 8 of the Code of Virginia and enacted Title 8.01. Chapter 4 under Title 8.01 concerns limitations of actions. Code § 8.01-229 consolidates in one section various statutes which had the effect of tolling or suspending the running of the statute of limitations. It became effective on October 1, 1977. Pertinent to our decision is the fact that the plaintiff's alleged cause of action not only arose but was pending prior to that date. Had the action not been pending it would have been "time barred" on October 12, 1975.

The plaintiff argues that the intent of the General Assembly was to avoid the often harsh result of the prior tolling statute, Code § 8-34, and to expand its provisions to allow tolling of the statute of limitations in any instance where an action had been brought in due time and where "a non-merits dismissal" occurs.

Defendant responds that, although final judgment had not been entered prior to October 1, 1977, the dismissal of Strickland's action for his failure to prosecute constituted an effective bar to another future action by Strickland because the original limitation period had expired on October 12, 1975. He argues that Code § 8-34 was not applicable, and that no other tolling provision then existed which operated to toll the statute of limitations as to the second action during the pendency of the first action.

The retroactive effect of the provisions of Title 8.01 and the exceptions thereto are set forth in Code § 8.01-1, the first section of Title 8.01, which reads as follows:

*Except as may be otherwise provided in § 8.01-256* of chapter 4 (§ 8.01-228 et seq.) (Limitations of Actions), all provisions of this title shall apply to causes of action which arose prior to the effective date of any such provisions; provided, however, that the applicable law in effect on the day before the effective date of the particular provisions shall apply if in the opinion of the court any particular provision (i) may materially change the substantive rights of a party (as distinguished from the procedural as-

pects of the remedy) or (ii) may cause the miscarriage of justice. . . . (Emphasis supplied.)

Code § 8.01-256 is the last section of Title 4, and provides:

No action, suit, scire facias, or other proceeding which is pending before October one, nineteen hundred seventy-seven, shall be barred by this chapter, and any action, suit, scire facias or other proceeding so pending shall be subject to the same limitation, if any, which would have been applied if this chapter had not been enacted. If a cause of action, as to which no action, suit, scire facias, or other proceeding is pending, exists before October one, nineteen hundred seventy-seven, then this chapter shall not apply and the limitation as to such cause of action shall be the same, if any, as would apply had this chapter not been enacted. Any new limitation period imposed by this chapter, where no limitation previously existed or which is different from the limitation existing before this chapter was enacted, shall apply only to causes or rights of action accruing on or after October one, nineteen hundred seventy-seven. . . .

A careful reading of Code § 8.01-256 shows a studied effort by the General Assembly to maintain the status quo as to actions which were pending on October 1, 1977, and as to causes of action which existed before October 1, 1977. This intent is further manifested by the additional provision that any new limitations found in the revised and reenacted Chapter 4 where no limitation previously existed, or which are different from the limitations existing before the chapter was enacted, should apply only to causes or rights of action accruing after October 1, 1977.

We do not believe that the legislature could have expressed its intention in clearer language. When Code § 8.01-229(E)(1) became effective on October 1, 1977, Strickland's cause of action had existed for almost seven years and had been asserted and pending for over two years. Its dismissal occurred well beyond the five-year limitation period.

After the expiration of five years following October 12, 1970, Simpkins had a vested right not to be again sued for the alleged cause of action asserted in plaintiff's motion for judgment. The dignity the legislature attaches to a prescribed limitation period is evidenced by its enactment of Code § 8.01-228, which provides, in pertinent part, that: "Every action for which a limitation period is prescribed by law

*must be commenced* within the period prescribed in this chapter unless otherwise specifically provided in this Code. . . ." (Emphasis supplied.)

The effect of an application of the tolling provision of § 8.01-229 (E)(1) is to grant an extended period during which a claim arising after October 1, 1977, might be prosecuted. This provision is not merely procedural or remedial. If we were to hold that the plaintiff is entitled to claim the tolling benefits of this section we would in effect change and extend the five-year limitation period and revive an action whose life has expired. *Cf. Goodstein* v. *Weinberg,* 219 Va. 105, 110, 245 S.E.2d 140, 143 (1978). The purpose of Code § 8.01-256 was to assure that causes of action which existed or were pending prior to October 1, 1977, would be treated as if Chapter 4 had not been enacted.

We conclude that plaintiff's action which accrued and had been asserted prior to October 1, 1977, is governed by the five-year limitation period in effect at that time and that no part of this period was tolled during the pendency of plaintiff's first action.

Accordingly, the judgment of the lower court is

*Affirmed.*