## ELMER LEE WOOD

### v.

## DEBRA LEE HOLCOMBE

January 16, 1981.

Record No. 781636.

Present: All the Justices.

*Andrew Michael Sacks (Israel Steingold; Steingold & Steingold; Steingold & Chovitz,* on briefs), for appellant.

*George H. Gray (Outland, Gray, O'Keefe & Hubbard,* on brief), for appellee.

PER CURIAM.

This case involves the applicability of the tolling provision of Code § 8.01-229(E)(3), and our decision is controlled by *Strickland* v. *Simpkins,* 221 Va. 730, 273 S.E.2d 539 (1981). *See also Fidelity and Deposit Co.* v. *Celotex,* 221 Va. 698, 273 S.E.2d 542 (1981).

On August 23, 1974, Elmer Lee Wood filed his motion for judgment, seeking to recover from Debra Lee Holcombe and another damages for personal injuries suffered in an automobile accident that occurred in September 1973. On March 9, 1978, Wood took a voluntary nonsuit and eight days thereafter, on March 17, 1978, filed his second motion seeking to recover against Holcombe alone for the damages he suffered in the accident. Defendant's plea of the statute of limitations was sustained by the lower court, and this appeal ensued.

The parties agree that the two-year limitation period is applicable, Code § 8-24, now in part with modifications § 8.01-243(A). Wood's nonsuit on March 9, 1978, and the filing of his motion for judgment on March 17, 1978, occurred more than two years after the date of the accident. Wood relies upon Virginia Code § 8.01-229(E)(3), which became effective on October 1, 1977. He contends the statute is remedial and should be liberally construed. It provided:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380 and shall recommence his action within six months, the statute of limitation with respect to such action shall be tolled by the commencement of the nonsuited action.*

Wood therefore argues that having recommenced his action within six months from March 9, 1978, he thereby became entitled to have

---

*In 1978 the General Assembly amended Code § 8.01-229(E)(3) to read as follows:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380 the statute of limitation with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date he suffers such nonsuit, or within the original period of limitation, whichever period is longer.

1978 Va. Acts, ch. 65, p. 100.

tolled the period during which his first action was pending, *i.e.*, the period from August 23, 1974, to March 9, 1978. We disagree.

For reasons set forth in *Strickland* v. *Simpkins, supra,* we hold that plaintiff's action which arose and was pending prior to October 1, 1977, is governed by the two-year limitation period and the tolling provision of Code § 8.01-229(E)(3) is not applicable.

Accordingly, the judgment of the lower court is

*Affirmed.*