## Richmond

### FIDELITY AND DEPOSIT COMPANY OF MARYLAND

### V.

### THE CELOTEX CORPORATION

January 16, 1981.

Record No. 790082.

Present: All the Justices.

*Joseph E. Blackburn, Jr.* (*White and Wood, P.C.,* on brief), for appellee.

*Jeffrey M. Steingold* (*Israel Steingold,* on brief), for appellee.

PER CURIAM.

This case involves the applicability of the tolling provision of Code § 8.01-229(E)(3), and our decision is controlled by *Strickland* v. *Simpkins,* 221 Va. 730, 273 S.E.2d 539 (1981) (this day decided). *See also Wood* v. *Holcombe,* 221 Va. 691, 273 S.E.2d 541 (1981) (this day decided).

On June 3, 1976, The Celotex Corporation filed its motion for judgment in the Circuit Court of the City of Richmond, Division I, seeking a judgment against Econo-Roof, Inc., Hendrick Construction Company, Inc., and Fidelity and Deposit Company of Maryland. Subsequently, on October 14, 1977, Celotex was granted a voluntary nonsuit in its action against Fidelity. Celotex then, on December 13, 1977, filed its motion for judgment against Fidelity in the Circuit Court of Chesterfield County. Fidelity filed its grounds of defense and a plea of the statute of limitations. The court overruled Fidelity's plea and entered judgment for Celotex. This appeal questions the court's action in overruling the plea.

Hendrick was the general contractor for the Chesterfield County School Board in the construction of additions to certain county schools, and furnished the county with a performance and payment bond pursuant to Code § 11-23, with Fidelity as surety. Hendrick later entered into a subcontract with Econo-Roof, Inc., to perform the roofing work on the additions. Econo-Roof failed to pay for the roofing materials which were supplied it by Celotex on or prior to January 31, 1976.

This action by Celotex is based on the statutory remedy provided by Virginia Code § 11-23, which states that no action on any payment bond "shall be brought unless within one year after the day on which the person bringing such action last performed labor or last furnished or supplied materials." Important to our decision here is the admitted fact that Celotex last supplied materials on or before January 31, 1976, and did not institute the action under review in Chesterfield County until December 13, 1977, a date well beyond the expiration of the one-year limitation period provided for in Code § 11-23.

Celotex, as did the plaintiff in *Wood* v. *Holcombe, supra,* relied upon the tolling provision of § 8.01-229(E)(3). It argues that, in taking a voluntary nonsuit in the Circuit Court of the City of Rich-

mond, and then recommencing its action in Chesterfield Circuit Court within six months, it followed the statute, which then read:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380 and shall recommence his action within six months, the statute of limitation with respect to such action shall be tolled by the commencement of the nonsuited action.

We find no significant differences between the case under review and those heretofore cited and decided. Plaintiff's action accrued prior to October 1, 1977, and was pending prior to that date. It was therefore governed by the one-year limitation period in effect at that time, and no applicable statutory tolling provision then existed which tolled the statute of limitations as to the Chesterfield action during the pendency of the action in Richmond. Code § 8-34, predecessor to § 8.01-229(E), was not applicable and the tolling provision of Code § 8.01-229(E)(3) applies only to causes or rights of action accruing on or after October 1, 1977. *See* Code § 8.01-256.

Accordingly, the judgment of the lower court overruling Fidelity's plea of the statute of limitations is reversed and final judgment will be entered here for Fidelity and Deposit Company of Maryland.

*Reversed and final judgment.*