Redden SCOGGINS, Appellant,

v.

Honorable Willard H. DOUGLAS, Jr., individually and in his official capacity as Judge of the Juvenile and Domestic Relations District,

and

Raymond Procunier, in his official capacity as Director of the Department of Corrections of the Commonwealth of Virginia, Appellees,

and

City of Richmond, Defendant.

No. 83–2063.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1984.

Decided April 29, 1985.

Robert P. Geary, Richmond, Va. (Geary & Davenport, Richmond, Va., on brief), for appellant.

Eric K.G. Fiske, Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen., Richmond, Va., on brief), for appellees.

Before WIDENER and SNEEDEN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

Plaintiff Redden Scoggins appeals a judgment of the district court denying his claim of racial discrimination brought against Judge Willard H. Douglas of the City of Richmond Juvenile & Domestic Relations Court and Raymond Procunier, former director of the Virginia Department of Corrections.[1] Scoggins, a white male, alleged that the defendants had engaged in discriminatory employment practices, in violation of 42 U.S.C. § 1983 and the 14th Amendment of the United States Constitution, when they selected a black male, rather than the plaintiff, for a position in the Richmond Juvenile Detention Home. Scoggins claimed that he was more qualified than the individual selected, and that the selection was based on racial considerations. After finding that plaintiff's action was barred by Virginia's two-year statute of limitations for personal injury actions, and that the nonsuit provisions of Va.Code § 8.01–229(E)(3) applied, the district court granted summary judgment for the defendants. We affirm.

The plaintiff Scoggins was an employee of the City of Richmond Juvenile Detention Home (Detention Home) from 1966 to June 1981, having become a supervisor in 1973. In July 1980, the Detention Home announced a vacancy for the position of Deputy Superintendent at the Home. On August 3, 1980, Scoggins temporarily assumed the responsibilities of Deputy Superintendent until the position could be permanently filled. Scoggins was included among a number of applicants for the position. Following the selection process, Judge Douglas, on December 1, 1980, authorized the Superintendent of the Detention Home to fill the position with Mr. Louis Westbrook, a black male and employee of the Detention Home. The appointment of Westbrook was announced in the

Richmond News Leader on December 17, 1980, and took effect January 1, 1981.

On December 16, 1980, Scoggins began a second job at the Newport News Fire Bureau (Fire Bureau). Scoggins' deposition testimony indicates that at the time he started work at the Fire Bureau he was aware he would not be selected for the position of Deputy Superintendent at the Detention Home. He further acknowledged that he saw the December 17th newspaper announcement.

The plaintiff first brought suit in the district court alleging racial discrimination in 1981. However, that action was voluntarily dismissed by the plaintiff without prejudice on January 26, 1982, apparently after a motion for summary judgment or answer was filed, pursuant to FRCP 41(a)(1). The present action was filed on December 27, 1982.

In granting summary judgment for the defendants, the district court applied Va. Code § 8.01–243(A), the Virginia two-year statute of limitations for personal injury actions, and found that Scoggins' claim was time barred. The court determined that Scoggins' cause of action accrued at the time he learned of Westbrook's selection as Deputy Superintendent. Since Scoggins admitted he knew of the selection decision by December 17, 1980, the court held that the present action, filed on December 27, 1982, was beyond the applicable two-year statute of limitations.

Scoggins argued, however, that his earlier action, which resulted in a voluntary nonsuit, tolled the running of the limitations period. The district court rejected this argument, finding that while under Virginia law a voluntary nonsuit tolls the statute of limitations during the pendency of the nonsuited action, the action must be recommenced within six months after the nonsuit or within the original limitations period. Va.Code § 8.01–229(E)(3). Because the present action was filed 11 months after the voluntary nonsuit was

---

**1.** The City of Richmond was an original defendant in this action. It moved successfully for its

dismissal, and no exception is taken to that holding on appeal.

taken, the district court found the action to be barred.

On appeal, Scoggins contends, first, that there exists a genuine issue of material fact as to when he knew of the selection of Westbrook and, second, since the voluntary nonsuit was taken under FRCP 41(a)(1), the Virginia nonsuit rule and six month recommencement period does not apply to bar the action.

The issue of fact disputed on appeal concerns whether Scoggins had knowledge of his rejection for the position of Deputy Superintendent on or before December 17, 1980. However we may view the evidence on behalf of the plaintiff, the record is undisputed that Scoggins had such knowledge. He admitted in deposition testimony on two occasions that he had knowledge of Westbrook's selection on or before December 17th, including having seen the December 17th newspaper article announcing the selection. Scoggins also indicated that he started on the Fire Bureau job on December 16th because he had heard that he would be denied the Detention Home position.

■ There being no genuine issue of material fact remaining, the district court correctly determined that Scoggins' cause of action accrued at the time he learned of Westbrook's promotion, or no later than December 17, 1980. The case before us was filed December 27, 1982, more than two years after the date Scoggins knew he did not get the position, and is time barred under Va.Code § 8.01–243(A) and *Almond v. Kent,* 459 F.2d 200 (4th Cir.1972), unless the Virginia tolling provisions save the day.

Scoggins next contends that the filing of his earlier action, and the subsequent voluntary nonsuit in January 1982, served to toll the running of the limitations period.

■ The Virginia statutory provision for tolling a limitations period as a result of a voluntary nonsuit is found in Va.Code § 8.01–229(E)(3), which states in relevant part:

If a plaintiff suffers a voluntary nonsuit ... the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date he suffers the nonsuit, or within the original period of limitation, whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or state court and recommenced in any court. Va.Code § 8.01–229(E)(3).

Under this provision, for Scoggins' cause of action to survive, he must have recommenced it within six months following the voluntary dismissal in January 1982, or within the original two-year limitations period. Since he failed to accomplish either, the tolling provisions do not save this action.

■ Scoggins argues, however, that since the original voluntary nonsuit was taken under FRCP 41(a)(1), the Virginia nonsuit rule does not apply. Instead, Scoggins contends that when a case is dismissed under FRCP 41(a)(1) the two-year limitations period is merely tolled, with no required period for recommencement.

In *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), the Supreme Court held federal courts were obligated not only to apply the analogous state statute of limitations to federal constitutional claims brought under § 1983, but also to apply the State's rule for tolling that statute of limitations. Id. at 484–486, 100 S.Ct. at 1795–1796. See *Johnson v. Railway Express, Inc.,* 421 U.S. 454, 463–464, 95 S.Ct. 1716, 1721–1723, 44 L.Ed.2d 295 (1974). While so holding, the Court did note that the state tolling provisions did not govern "when inconsistent with federal policy underlying the cause of action under consideration." *Board of Regents v. Tomanio,* 446 U.S. at 485, 100 S.Ct. at 1795, quoting *Johnson v. Railway Express, Inc.,* 421 U.S. at 465, 95 S.Ct. at 1722; see *Robertson v. Wegmann,* 436 U.S. 584, 590, 98 S.Ct. 1991, 1995, 56 L.Ed.2d 554 (1978). However, the Court further concluded that no federal policy underlying § 1983 whether deterrence,

compensation, uniformity or federalism, was offended in this instance by the application of New York's tolling provisions. *Board of Regents v. Tomanio*, 446 U.S. at 489–492, 100 S.Ct. at 1797–1799; see *Chardon, etc. v. Soto, et al*, 462 U.S. 650, 657, 103 S.Ct. 2611, 2616, 77 L.Ed.2d 74 (1983).

In the present case, the only inconsistency alleged by the plaintiff between FRCP 41(a)(1) and a Virginia nonsuit to come within Va.Code 8.01–229(E)(3) is that after an answer or motion for summary judgment is filed, under the federal rule a voluntary dismissal requires the consent of the defendant, while under the Virginia nonsuit rule a plaintiff is free to take a nonsuit in his case without the agreement of the defendant. See FRCP 41(a)(1)(ii); *Joseph v. Blair*, 488 F.2d 403, 404 (4th Cir.1973); Va.Code § 8.01–380. Scoggins, however, argues that under the federal rule, FRCP 41, the defendants exercised control over the course of the litigation by agreeing to the nonsuit, and therefore should not be permitted to rely on the state's six-month recommencement requirement in cases of nonsuit under Va.Code § 8.01–229(E)(3).

The argument goes that the tolling provisions of Va.Code § 8.01–229(E)(1) to the effect that limitations are tolled when an action "for any cause abates or is dismissed without determining the merits" should apply. We note that that very provision is qualified at its outset by the wording "except as provided in paragraph 3 of this subsection." Paragraph 3 referred to is the nonsuit provision. The Revisers' Note to the code mentions the relationship between subsections (E)(1) and (E)(3) as follows: "Subsection E3 qualifies the application of subsection E1, and requires a plaintiff who takes a nonsuit to renew his suit within six months or the running of the statute of limitations will not be affected by the commencement of the original action." Thus, it is the plain intention of the code to apply to the fact situation at hand if the FRCP 41 dismissal is the equivalent of a nonsuit. In this respect, we note that the Virginia Code quite clearly requires the state courts to give effect to FRCP 41 dismissals as nonsuits, for subsection (E)(3) provides in terms that it "... shall apply irrespective of whether the action is originally filed in a federal or state court and recommenced in any court." Because nonsuits by that name as required by the Conformity Act, Act June 1, 1872, see 255 § 5, 17 Stat. 197, revised statute § 914, repealed by Act June 25, 1948, see 646 § 39, 62 Stat. 869, 992, are no longer in use in the federal courts under the Federal Rules of Civil Procedure, the only analogous procedure is that under Rule 41. See *Piedmont Interstate Fair Assn. v. Bean*, 209 F.2d 942 (4th Cir.1954); *Ockert v. Union Barge Line Corp.*, 190 F.2d 303 (3d Cir.1951); Wright & Miller, *Federal Practice and Procedure* (1971), § 2363. We think the difference in a Rule 41 dismissal and a Virginia nonsuit under Va. Code § 8.01–380 goes more to matters of form than substance. While the Virginia statute does not require the consent of the defendant and can be taken at later stages in the proceeding, both the federal rule and the Virginia statute have as their purpose the voluntary dismissal of an action by a plaintiff without prejudice at some stage of a proceeding. We therefore are of opinion the district court was correct when it equated the dismissal in this case to a dismissal under subsection (E)(3) of the Virginia Code rather than to a dismissal under subsection (E)(1).

■ We have previously held in different context that requiring compliance with the tolling provisions of Va.Code § 8.01–229(E) is consistent with federal law in *Cramer v. Crutchfield*, 648 F.2d 943 (4th Cir.1981), and find that case persuasive although it may not be dispositive. We also note that the mere placing of a time constraint on the filing of a § 1983 action is not a consideration sufficient to find an inconsistency with federal law. *Board of Regents v. Tomanio*, 446 U.S. at 489, 100 S.Ct. at 1797; see *Johnson v. Railway Express, Inc.*, 421 U.S. at 466, 95 S.Ct. at 1723.

The judgment of the district court is accordingly

AFFIRMED.