Oscar SHERMAN, Jr., Plaintiff,

v.

HERCULES, INC., Defendant.

Jimmy Wayne TRAIL, Plaintiff,

v.

HERCULES, INC., Defendant.

Civ. A. Nos. 86–0146–R, 86–0060–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

May 28, 1986.

Marcus H. Long, Jr., Blacksburg, Va., for Sherman.

John C. Quigley, Jr., Radford, Va., for Trail.

David B. Hart, Roanoke, Va., for defendant.

MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

The above-captioned cases have been consolidated by the court for purposes of this Opinion because the issue currently before the court is the same in both cases. The issue presented by these cases is whether plaintiffs are entitled to the benefit of a tolling of the statute of limitations for personal injury actions pursuant to provisions of the Virginia Code by virtue of having recommenced personal injury actions in this court within six months after having earlier cases dismissed by this court upon motions for voluntary dismissal pursuant to Fed.R.Civ. P. 41. Jurisdiction of this court is based on diversity under 28 U.S.C. § 1332. Hercules has submitted each case for decision on the statute of limitations issue by motions for summary judgment pursuant to Fed.R.Civ. P. 56.

I.

The material facts in each case relevant to the statute of limitations issue are undisputed. Plaintiffs allege that they sustained personal injuries in an accident occurring on April 28, 1979. Plaintiff Sherman, a resident of Maryland, filed a diversity action for personal injuries in this court on April 14, 1980. Plaintiff Trail, a Virginia resident, filed a similar action in this

court on October 10, 1980. Each case proceeded until it was dismissed on October 30, 1985 in response to plaintiffs' motions for voluntary dismissal. Plaintiffs then recommenced their actions in this court. Plaintiff Trail's action was recommenced on February 3, 1986 and plaintiff Sherman refiled on March 20, 1986. Hercules, a Delaware corporation, contends that both actions are barred by the Virginia personal injury statute of limitations. Hercules has moved for summary judgment in each case based on this contention.

## II.

Under the *Erie* doctrine, this court, in a diversity case, must apply the applicable substantive state law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The present cases involve issues concerning Virginia's personal injury statute of limitations. It is well settled that the chronological length of a state's statute of limitations is substantive law and will apply in a federal diversity case. *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). However, beyond the basic Virginia statute of limitations, these cases raise issues concerning the statute of limitations tolling and venue restriction provisions incorporated in the Virginia nonsuit statutes. These tolling and venue restriction provisions have been held to be such integral parts of Virginia's statute of limitations policies that they are part and parcel of the basic Virginia personal injury statute of limitations. *Yarber v. Allstate Ins. Co.*, 674 F.2d 232, 236 (4th Cir.1982). Accordingly, under the mandate of *Erie*, this court will apply Virginia's statutory nonsuit provisions in resolving the statute of limitations issues raised by the cases at bar.

Nonsuit, under Virginia Civil Procedure, is a maneuver which terminates a judicial proceeding before adjudicating issues on the merits. A plaintiff is entitled to one nonsuit as a matter of right before the fact-finder retires to consider the verdict. VA CODE § 8.01–380. The taking of a nonsuit does not preclude a subsequent action for the same cause so long as the applicable statute of limitations has not run. The Virginia legislature has recognized that statutes of limitations are obstacles to the intended flexibility in the exercise of the nonsuit provision. *Atkins v. Schmutz*, 435 F.2d 527, 530 (4th Cir. 1970). Accordingly, to ensure the availability of the nonsuit privilege in spite of applicable statutes of limitations, the Virginia General Assembly has enacted a tolling provision. VA CODE § 8.01–229(E)(3). This provision tolls or stops the running of the statute of limitations if a nonsuited plaintiff recommences his action within six months of taking the nonsuit. *Id.* At the same time, the Virginia nonsuit statute attempts to eliminate, or at least minimize, the potential abuses of nonsuits, such as forum shopping, by restricting the manner in which an action may be reinstituted following a nonsuit.[1]

In the case at bar, the parties agree that the applicable statute of limitations is provided by VA CODE § 8.01–243. This provision bars an action for personal injuries unless the action is brought within two years after the cause accrued. The cases at bar were instituted in early 1986, nearly seven years after accrual of the causes of action. It is clear that this statute of limitations will bar the present actions unless there is an applicable saving provision which plaintiffs may invoke for their benefit.

The parties devote the bulk of their arguments to the relevancy of the current statute of limitations tolling provision provided by VA CODE § 8.01–229(E)(3). This statute provides, *inter alia*, that the applicable statute of limitations is tolled as long as a plaintiff refiles a case in federal court within six months of taking a nonsuit whether the original case was filed in state or feder-

---

1. VA CODE § 8.01–380(A) provides that following a nonsuit, unless the action is recommenced in federal court or unless there are special circumstances, the action must be recommenced in the same court in which the nonsuit was taken.

al court.[2] A plain reading of § 8.01–229(E)(3) indicates that plaintiffs are entitled to the benefit of the tolling provision simply because their actions were recommenced within six months of the dismissals. However, complications arise in the application of § 8.01–229(E)(3) to the present cases.

The time of accrual of the cause of action and the time of filing of the action are the critical times for determining whether plaintiffs are entitled to the benefit of the 1983 version of § 8.01–229(E)(3). In other words, the tolling provision in effect at the time of accrual of the cause of action and at the filing of the suit is the provision under which plaintiffs' rights are to be determined. *Wood v. Holcombe*, 221 Va. 691, 693, 273 S.E.2d 541 (1981) and *Fidelity and Deposit Co. v. Celotex Corp.*, 221 Va. 698, 700, 273 S.E.2d 542 (1981). Since the present version of § 8.01–229(E)(3) was not enacted until 1983[3] and since plaintiffs' original cases were filed in 1980, it is obvious that plaintiffs may not rely on the present version of § 8.01–229(E)(3) to save their cases from the statute of limitations unless this provision is to be applied retroactively.

Plaintiffs contend that the 1983 version of § 8.01–229(E)(3) is to be given retroactive effect. This contention is based principally on a reading of *Scoggins v. Douglas*, 760 F.2d 535 (4th Cir.1985). In that case, Scoggins filed an action in federal court in 1981. The case was voluntarily dismissed on January 26, 1982. The action was reinstituted on December 27, 1982. The court, in deciding whether recommencement of the action was barred by the statute of limitations, determined that the tolling provisions of Virginia's nonsuit statutes must be examined. The court looked to the 1983 version of § 8.01–229(E)(3) and determined that since the second action

was not commenced within six months of the dismissal, § 8.01–229(E)(3) would not operate to save the action from the statute of limitations. Plaintiffs argue that because the court looked to the 1983 version of § 8.01–229(E)(3) when all events relevant to the decision took place prior to 1983, the court was applying the 1983 version of § 8.01–229(E)(3) retroactively.

At first blush, this argument has appeal. However, a closer reading of *Scoggins* renders this argument unpersuasive. In *Scoggins*, the court was never concerned directly with the retroactivity of § 8.01–229(E)(3). The decisive issue in *Scoggins* was whether § 8.01–229(E)(3) or § 8.01–229(E)(1) applied. The court gave a passing glance to § 8.01–229(E)(3) to determine if it was applicable to the facts. Once it was determined that § 8.01–229(E)(3) was not applicable because the plaintiff had failed to recommence the original action within six months of the dismissal, the court moved on and gave no further analysis of § 8.01–229(E)(3). This court refuses to consider such cursory consideration of § 8.01–229(E)(3) as a determination that § 8.01–229(E)(3) is to be applied retroactively. The Circuit Court merely determined that § 8.01–229(E)(3), on its face, did not apply to the facts of *Scoggins*.

This court chooses to look to more established principles in determining whether § 8.01–229(E)(3) should be applied retroactively. It is a well settled principle that new statutes of limitations or newly amended statues of limitations are to be applied prospectively unless there is a clearly expressed legislative intent that the statute is to be retroactive. *Ferguson v. Ferguson*, 169 Va. 77, 87, 192 S.E. 774 (1937) and *Phipps Adm'r. v. Sutherland*, 201 Va. 448, 452, 111 S.E.2d 422 (1959). A careful review of the relevant statutory

---

**2.** VA CODE § 8.01–229(E)(3) provides: If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01–380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date he suffers such nonsuit, or within the original period of limitation,

whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court.

**3.** See Revisers' Note following VA CODE § 8.01–229(E)(3), discussing the 1983 amendments.

provisions, the notes following these provisions and the corresponding Acts of Assembly uncovers no expressed legislative intent that the 1983 version of § 8.01–229(E)(3) should apply retrospectively.

Further, and perhaps even more persuasive evidence that § 8.01–229(E)(3) should apply prospectively is the expressed legislative intent found in the forerunner provision of the 1983 version of § 8.01–229(E)(3), the 1977 version. When the 1977 version of § 8.01–229(E)(3) was enacted, another provision was also enacted which plainly stated that the 1977 version was to apply only to causes of action accruing on or after October 1, 1977. VA Code § 8.01–256.[4] See also *Fidelity and Deposit Co. v. Celotex*, 221 Va. 698, 700, 273 S.E.2d 542 (1981). The purpose of § 8.01–256 was to maintain the status quo as to an action pending before its enactment and as to causes of action existing then. *Strickland v. Simpkins*, 221 Va. 730, 734, 273 S.E.2d 539 (1981).

■ Because of the Virginia General Assembly's expressed desire that changes in statutes of limitations and tolling provisions not affect rights already defined, this court believes that this policy must be respected by applying the 1983 version of § 8.01–229(E)(3) prospectively. Additionally, this result seems particularly appropriate because, as noted earlier, it is consistent with established principles of statutory construction. Accordingly, this court holds that plaintiffs are not entitled to invoke the 1983 version of VA CODE § 8.01–229(E)(3) in order to save their actions from the statute of limitations.

### III.

Having decided that plaintiffs are not entitled to the benefit of the 1983 version of § 8.01–229(E)(3) does not necessarily

mean that plaintiffs are not entitled to the benefit of a tolling provision. Plaintiffs are entitled to any benefits provided by the saving provision in effect at the time their causes of action accrued and when the original cases were filed. *Fidelity and Deposit Co. v. Celotex*, 221 Va. 698, 700, 273 S.E.2d 542 (1981). The version of § 8.01–229(E)(3) in effect during this time period, the 1978 version, read as follows:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01–380, the statute of limitation with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date he suffers such nonsuit, or within the original period of limitation, whichever period is longer.

This provision is not in and of itself dispositive of the issue presented. The operation of § 8.01–229(E)(3) was expressly conditioned upon a special venue restriction. The venue restriction, VA CODE § 8.01–380(A) (1977 version) provided:

> A party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceeding, unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision. After a nonsuit no new proceeding on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken, unless that court is without jurisdiction, or not a proper venue, or other good cause be shown for proceeding in another court.

This venue restriction is a substantive provision of Virginia law and is therefore ap-

---

4. Sections 8.01–256 and 229(E)(3) were originally enacted as portions of a comprehensive reorganization of statutes of limitations for civil actions known as Chapter 4 of Title 8.01. Revisers' Note following VA CODE § 8.01–228. Thus, §§ 8.01–256 and 229(E)(3) were not enacted in isolation with § 8.01–256 applying only to

§ 8.01–229(E)(3). For this reason, the court sees no significance to the fact that a provision similar to § 8.01–256 was not enacted with regard to the 1983 version of § 8.01–229(E)(3) for purposes of indicating that the 1983 version of § 8.01–229(E)(3) is to apply retroactively.

plicable to federal diversity cases. *Yarber v. Allstate Ins. Co.*, 674 F.2d 232, 237 (4th Cir.1982).[5]

Sections 8.01–229(E)(3) (1978 version) and § 8.01–380 (1977 version) clearly provide that if a plaintiff takes a nonsuit, the statute of limitations will be tolled provided that the plaintiff recommences the action *in the same court in which the nonsuit was taken* within six months. Plaintiffs' actions in the cases at bar track this language perfectly. Plaintiffs took voluntary dismissals in this court on October 30, 1985 and refiled the same actions in this court, within six months, in early 1986.[6] Accordingly, plaintiffs are entitled to invoke the tolling provision of the 1978 version of VA CODE § 8.01–229(E)(3) to save their cases from the personal injury statute of limitations.[7] The court will this day enter an Order denying Hercules' motions for summary judgment.

---

**5.** This decision has met with considerable criticism. See *Yarber v. Allstate Ins. Co.*, 674 F.2d 232, 237 (4th Cir.1982) (Murnaghan, J., dissenting) and Note, *Virginia Nonsuit Venue Restriction*, 40 WASH. & LEE L. REV. 534 (1983). In fact, it seems probable that the Virginia General Assembly enacted the 1983 amendments to the nonsuit provisions in response to *Yarber*. However, even assuming *arguendo* that the 1983 amendments were enacted to eliminate unintended results brought about by *Yarber*, this court does not consider this to be persuasive evidence that the Virginia legislators intended the 1983 amendments to apply retroactively. As discussed previously, a strong concern of the legislature when enacting new or amended statutes of limitation is maintaining the status quo. The status quo could only be maintained if the 1983 amendments are applied prospectively.

**6.** For purposes of applying these provisions, a federal voluntary dismissal is the equivalent of a Virginia voluntary nonsuit. *Scoggins v. Douglas*, 760 F.2d 535, 538 (4th Cir.1985). See also W.W. Sweeney, *Nonsuit in Virginia*, 52 Va.L. Rev. 751, 745–55 (1966).

**7.** Although under the facts of the cases at bar, the same result would be reached if the 1983 version of § 8.01–229(E)(3) were applied, the distinction of whether the 1983 or the 1978 version applies is an important one. For instance, had the plaintiffs originally filed their cases in state court and refiled in federal court, they would not be entitled to toll the statute of limitations under the 1978 version. See *Yarber v. Allstates Ins. Co.*, 674 F.2d 232 (4th Cir.1982).