## CIRCUIT COURT OF THE CITY OF WINCHESTER

Commonwealth of Virginia

v.

Dennis Edward Mason

February 5, 1987

Case Nos. (Criminal) 86-CR-264, 86-CR-265

By JUDGE HENRY H. WHITING

In these cases the defendant is charged with the felony of obtaining a sum in excess of $200 by false pretenses selling a substance he allegedly described as cocaine to a State Trooper but which was apparently pancake flour in violation of Virginia Code § 18.2-178, and with the misdemeanor of selling an imitation controlled substance in violation of Virginia Code § 18.2-248(d). The defendant has made a motion to quash the indictment on two grounds:

(1) "False pretenses cannot lie for the failure of defendant to perform an illegal contract"; and

(2) "The conduct complained of, if criminal, supports a charge under Virginia Code § 18.2-248(d), a misdemeanor, and not false pretenses, a felony, under Virginia Code Section 18.2-178."

The defendant has filed a memorandum in support of his motion to quash the indictment and the Commonwealth's Attorney has made no reply thereto, conceding in open court that the memorandum is well taken, and has asked leave of the Court to enter an order of *nolle prosequi* under the provisions of Virginia Code § 19.2-265.3. The Court took the matter under advisement in order to do research independent of the defendant's memorandum. In the Court's opinion no such order should enter because "good cause therefor" has not been shown under that Code

section; specifically, the argument and cases cited in the defendant's memorandum are inapposite and in this Court's opinion after research his position is clearly untenable.

The thrust of the argument is that there can be no false pretenses upon a failure to perform an illegal contract. Three Virginia cases cited by defendant as examples of false pretenses all deal with *bona fide* legal transactions, *Orr* v. *Commonwealth*, 229 Va. 298 (1985); *Quidley* v. *Commonwealth*, 221 Va. 693 (1981); and *Cunningham* v. *Commonwealth*, 219 Va. 399 (1978). A cursory glance at 32 Am. Jur. 2d 271, *False Pretenses*, § 53, indicates that there is no such rule limiting prosecutions for false pretenses to transactions which were "*bona fide* legal transactions." While there is no Virginia case on the subject, the overwhelming authority seems to be that, "It is no defense that the person defrauded was himself guilty of an illegal or fraudulent intent." *Ibid*. As the case of *State* v. *Mellenberger*, 95 P.2d 709, 718 (Ore. 1939), states:

> The doctrine of *particeps criminis* has no place in the administration of criminal law. It has no more application to criminal jurisprudence than has the rule of contributory negligence, which, it is well settled, is foreign to our system of criminal law.

Oliver Wendell Holmes, Jr., in deciding a Massachusetts case, was quoted as follows:

> [T]he criminal law has a public end in view, namely, to deter people from swindling. With the greatest respect for the New York and Wisconsin courts, we think this end is more effectually reached if we do not read into the absolute words of the statute (Pub. Sts. c. 203, § 59) an implied exception which allows a knave to cheat any one out of his money if the knave can succeed in persuading his victim into a scheme which has any technical element of illegality on the victim's side. The question of allowing the latter a personal remedy is essentially different. *Id.*, at 716.

The further argument is made that since the Commonwealth itself was the party to the alleged violation of law, the purchase of cocaine by a State Trooper, it is precluded from a criminal prosecution, and here the defendant cites nothing but cases brought on the civil side of the court for the proposition that civil courts will not lend their aid to the enforcement of illegal bargains, apparently casting the Commonwealth in the role of a private litigant who comes in court "*in pari delicto*" or "without clean hands." No case is cited in which a governmental body has been held to be barred from the prosecution of a criminal case because one of its agents participated in the criminal act. The closest the defendant might get to his assertion would be those situations in which there was an entrapment. Interestingly, the defendant never ever refers to the defense of entrapment or cites any cases embodying that doctrine anywhere in his memorandum. A quick look at the entrapment doctrine indicates why; the definition our Supreme Court has adopted of entrapment came from the case of *Sorrells* v. *United States*, 287 U.S. 435, 454 (1932), in a concurring opinion by Justice Roberts in which he said:

> Entrapment is the conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer.

After that quotation is cited as the Virginia rule, the Court pointed out that, "[t]he entrapment doctrine is a rule of fairness which bars a conviction as a result of improper police conduct, contrary to public policy." *Wood* v. *Commonwealth*, 213 Va. 363, 367 (1972). *See also Johnson* v. *Commonwealth*, 211 Va. 815, 817 (1971). The *Sorrells* opinion makes it plain that:

> The doctrine rests. . . on a fundamental rule of public policy. The protection of its own functions and the preservation of the purity of its temple belongs only to the court. It is the province of the court and of the court alone to protect itself and the government

in such prostitution of the criminal law. The violation of the principles of justice by the entrapment of the unwary into crime should not be dealt with by the Court no matter by whom or at what stage of the proceedings the facts are brought to its attention. 287 U.S. 435, 457, 77 L. Ed. 413, 425 (1932).

The Court finds the defendant's argument to be specious, no entrapment being alleged. If the Commonwealth participated in the purchase of what its agents believed to be cocaine and it was not, and could not complain that it had been defrauded, then there could be no prosecution of any case in which an agent of the Commonwealth was a party to the criminal act, even though he became a party to the transaction to detect a criminal act in presenting an opportunity to the other party who intended and was willing to commit the crime. It calls to mind a host of bribery, illegal alcohol and drug cases which should have been decided for the defendant if this present defendant's contention had merit. The Court has seen no case in which any Court has ever adopted that position but has only seen the issue turn on whether the government agent conceived of the criminal design and by persuasion, deceitful representation or inducement lured the defendant into the commission of the act which he otherwise would not have committed. Contrary to the defendant's contention on page 4 of the memorandum that "common sense [sic] dictates dismissal of this case," the Court believes that common sense and the policy of the law require that this defendant should be prosecuted for the felony of false pretenses if the evidence supports the charge.

The second contention of the defendant is that the crime could only be the misdemeanor of selling bogus drugs. Actually, the same act can be a violation of more than one statute and "it is a matter of prosecutorial election whether the Commonwealth proceeds under a misdemeanor statute or the felony statute against the accused in the defendant's situation." *Mason v. Commonwealth,* 217 Va. 321, 323 (1976). In the Court's opinion, the Commonwealth will have to elect which statute it intends to prosecute under but that election should be made with the understanding that the defendant is liable for prosecution under either one of the two statutes discussed.