## CIRCUIT COURT OF FAIRFAX COUNTY

Tyco Associates, Inc., et al.

v.

Fairfax County et al.

December 11, 1990

Case No. (Law) 82533

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is defendants' motion for summary judgment. In its motion, the County claims that the plaintiffs' cause of action is barred by the statute of limitations. After consideration of counsels' oral arguments, legal memoranda and exhibits, the Court concludes that the plaintiffs' motion for judgment is barred by the statute of limitations, and therefore, defendants' motion for summary judgment should be sustained.

The relevant facts of this case are not disputed. In late 1983, plaintiffs' lessee, Hardees' Food Systems, Inc., filed a request for a Special Exception with the Fairfax County Board of Supervisors to enable Hardees to raze and remodel a restaurant building located at 8111 Leesburg Pike. On March 26, 1984, the Board of Supervisors voted to approve the Special Exception (No. SE 83-P-103) on the proffered condition that plaintiffs dedicate a service road comprising an area of 3,120 square feet, or 0.0716 of an acre, to the County. The plaintiffs executed a deed of dedication transferring title to the parcel to the County on September 5, 1984. Plaintiffs subsequently demanded compensation for the dedicated property from

the Board of Supervisors in a letter dated July 20, 1987. On November 25, 1987, the Board notified plaintiffs that it was denying their claim, and plaintiffs then filed the present action in this Court on December 23, 1987.

The Court finds the County's argument that the plaintiffs' suit is properly characterized as an action pursuant to 42 U.S.C. § 1983 for deprivation of federal civil rights persuasive. On May 7, 1990, Judge Johanna Fitzpatrick held that she was overruling the County's demurrer on the condition that the plaintiffs "limit" their claim. Judge Fitzpatrick noted that the pleadings indicated that the issues probably were limited to the U. S. Supreme Court's decision in *Nollan v. California Coastal Commission*, 483 U.S. 825 (1987), and the Fifth Amendment "takings" clause of the United States Constitution. (Transcript of May 7, 1990, at 23-24). In addition, the plaintiffs' letter of July 20, 1987, informed the County Board of Supervisors that Tyco's claim was based on the Fifth Amendment and the U. S. Supreme Court's decision in *Nollan*. Finally, Tyco noted in an affidavit in opposition to defendant's demurrer that the "dedication constituted a taking of private land without consideration or compensation and is in violation of that portion of the pertinent provisions of the Fifth Amendment of the Constitution of the United States." Based on the pleadings, as well as the admissions noted, it seems clear that the plaintiffs have chosen to limit their claim to a Fifth Amendment claim pursuant to the Federal Constitution and 42 U.S.C. sect. 1983.

Congress has not enacted a specific statute of limitations for § 1983 actions. However, the U. S. Supreme Court and the Fourth Circuit have established that § 1983 actions are essentially personal injury claims and therefore are governed by the state statute of limitations applicable to such actions. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Scoggins v. Douglas*, 760 F.2d 535 (4th Cir. 1985). Thus, the plaintiff's cause of action is barred if it was not brought within the two-year statute of limitations for personal injuries set forth in Va. Code § 8.01-243(A) (1990 Supp.).

Virginia Code § 8.01-230 (1984) provides that a personal injury action accrues and the statute of limitations begins to run when the plaintiff is injured. The

County argues that Tyco's injury occurred on March 26, 1984, when the Board approved the Special Exception, while plaintiffs argue that their cause of action accrued on September 5, 1984, when plaintiffs executed the Deed of Dedication. (Plaintiffs' Opposition to Motion for Summary Judgment, paragraph 3). However, the parties' dispute as to the time of accrual need not be resolved for the plaintiffs' claim is barred under either theory by the two-year statute of limitations.

Furthermore, even if the Court accepts the plaintiffs' argument that their cause of action is based on inverse condemnation, a state common law claim, plaintiffs are still barred by the applicable statute of limitations. Although plaintiffs argue that the five-year statute of limitations for written contracts specified in Va. Code Section 8.01-246(2) (1990 Supp.) applies, there is no evidence of a written contract between the parties stipulating a purchase price of $175,000.00, the amount of damages sought by plaintiffs. Plaintiffs' claim is more accurately characterized as based on the breach of an implied promise by the government to compensate the landowner for taking his land. *See Prendergast v. Northern Virginia Regional Park Authority*, 227 Va. 190, 195 (1984); *Burns v. Board of Supervisors*, 218 Va. 625, 627 (1977). Accordingly, it is governed by the three-year statute of limitations for implied contracts provided in Va. Code § 8.01-246(4) (1990 Supp.).

Virginia Code § 8.01-230 (1984) provides that the plaintiffs' cause of action accrued and the three-year statute of limitations began to run when the breach of contract, or duty, occurred. The parties have not cited any decisions from the Virginia courts establishing when a cause of action for inverse condemnation accrues. In the absence of such authority, the Court is guided by the language of the accrual statute as well as the nature of the common law cause of action for inverse condemnation.

Defendants argue that their cause of action for inverse condemnation accrued when they voluntarily executed the Deed of Dedication. However, it was clear on March 26, 1984, when the County issued the Special Exception with the proffered condition that plaintiffs dedicate a portion of the tract to the County, that monetary compensation was neither intended nor implied. It is well established

that proffered conditions have the same force of law and finality as zoning ordinances. *See* Va. Code § 15.1-491.2 (1990 Supp.); *Rinker v. City of Fairfax*, 238 Va. 24 (1989). Stated differently, the plaintiffs' obligation to dedicate land became fixed at the time the Board approved the Special Exception. *See, e.g.*, Va. Code § 15.1-491.2 ("once proffered and accepted as part of an amendment to the zoning ordinance, such conditions shall continue in effect until a subsequent amendment changes the zoning on the property covered by such conditions; however, such conditions shall continue if the subsequent amendment is part of a comprehensive implementation of a new or substantially revised zoning ordinance"). *See also* Va. Code § 15.1-491.2:1; and § 15.1-491.3 ("The zoning administrator shall be vested with all necessary authority on behalf of the governing body of the county . . . to enforce conditions attached to a rezoning or amendment to a zoning map . . . failure to meet all conditions shall constitute cause to deny the issuance of any required use, occupancy or building permits, as may be appropriate"). Plaintiffs were thus not free to "elect" to file a deed of dedication on the 5th day of September, 1984, since the County's right to the dedication in question was established on the date of the special exception approval. ·

Therefore, plaintiffs' cause of action for inverse condemnation must be deemed to have accrued on March 26, 1984, when the Board formally adopted the special exception with the proffered condition. It was on this date that the plaintiffs first could have filed suit to challenge the validity of the proffered condition because the Board's decision was final. *See Nollan,* 483 U.S. 825; *Board of Supervisors of James City County v. Rowe*, 216 Va. 128 (1975) (establishing that a "taking" may occur through the legislative enactment of a zoning ordinance). Since the plaintiffs did not file the present action within the three-year statute of limitations, any cause of action based on inverse condemnation is barred.