52 F.3d 764
 68 Fair Empl.Prac.Cas. (BNA) 1755
 Richard ANDERSON; Robert Eggan; Carl Englehorn; Norris
Nielsen; Timothy Wandersee; Donald Woods; Peter
Lowry, Plaintiffs-Appellants,
v.
UNISYS CORPORATION, doing business as Remington Rand Univac,
doing business as Sperry Univac, doing business as
Sperry, doing business as Unisys, doing
business as Paramax Systems,
Defendant-Appellee.
 No. 94-1363.
 United States Court of Appeals,
Eighth Circuit.
 April 19, 1995.
 
 Douglas P. Kempf, Bloomington, MN, argued, for appellant.
 Thomas M. Sipkins, Minneapolis, MN, argued (Joseph G. Schmitt, on the brief), for appellee.
 Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 
 ORDER DENYING PETITION FOR REHEARING
 
 1
 Appellants have petitioned for a rehearing of that portion of this Court's opinion filed February 14, 1995, that affirmed the dismissal of Appellants Robert Eggan, Carl Englehorn, Timothy Wandersee, Donald Woods, and Peter Lowry from this action. Specifically, Appellants claim this Court erred in finding they waived their argument that the statute of limitations contained in the Civil Rights Act of 1991, which became effective November 21, 1991, did not apply to this case. Appellants also claim this Court erred in finding the first complaint filed in this action was never served upon Unisys.
 
 
 2
 Unisys's Memorandum in Support of its Motion to Dismiss, filed with the district court on July 28, 1993, is replete with references to the 90-day limitations period from the Civil Rights Act of 1991. Nevertheless, Appellants' Memorandum in Opposition to that motion, filed August 16, 1993, never indicated that any other limitations period should apply. On that basis, the district court found that "[t]he parties agree that the Civil Rights Act of 1991 applies to this case." Anderson v. Unisys, No. CV 4-92-138, slip op. at 6 n. 2 (October 20, 1993). Appellants' petition for rehearing points out that they raised the issue and argued the Civil Rights Act of 1991 did not apply in their Motion for Reconsideration of the order granting the Motion to Dismiss, filed with the district court on November 3, 1993. The district court summarily denied that motion on November 24, 1993, without ruling on the issues raised therein.[1] Thus, because the district court never passed upon this issue, we decline to consider it here. See Daisy Mfg. Co. v. N.C.R. Corp., 29 F.3d 389, 395 (8th Cir.1994) ("Ordinarily, we do not decide issues that the district court did not adjudicate."); North Dakota v. Merchants Nat'l Bank & Trust Co., 579 F.2d 1112, 1115 (8th Cir.1978) ("Generally we do not decide issues that were not passed upon by the trial court."); Highlands Ins. Co. v. Lewis Rail Serv. Co., 10 F.3d 1247, 1250-51 (7th Cir.1993) (finding appellant had waived argument by failing to raise it until its motion for reconsideration of district court's entry of summary judgment); Burnette v. Dresser Indus., Inc., 849 F.2d 1277, 1285 (10th Cir.1988) (declining to consider on appeal argument raised in a motion for reconsideration but "not considered or ruled upon by the district court").
 
 
 3
 Appellants also claim this Court erred in finding the first complaint filed in this action was never served upon Unisys. Two of the district court's orders specifically state that the first complaint was never served on Unisys. See Anderson v. Unisys, No. CV 4-92-138, slip op. at 2 (December 30, 1993) ("That original complaint was never served upon defendant."); Anderson v. Unisys, No. CV 4-92-138, slip op. at 3 (October 20, 1993) (same). Appellants never brought this alleged error to the attention of the district court, nor did they argue to this Court that this factual finding of the district court was in error. In any event, even if the first complaint was served on Unisys, that fact would not change the analysis in our original opinion.
 
 
 4
 For the foregoing reasons, the petition for rehearing is denied.
 
 
 
 [1]
 Appellants urge that the district court's order denying the motion for reconsideration considered the merits of that motion. We must disagree. The court let stand its original order reflecting that the parties had agreed that the Civil Rights Act of 1991 was applicable
 Moreover, even on its merits, Appellants' argument that the Civil Rights Act of 1991 is inapplicable would fail. The Act became effective on November 21, 1991, and this action was not filed until well after that date. Thus, it is difficult to find the application of the new provisions to this case "retroactive." District courts that have considered this issue have found that the new statute of limitations applies to claims accrued, but not filed, before the date the statute was enacted. See, e.g., Smith v. Zeneca, Inc., 820 F.Supp. 831, 832-34 (D.Del.1993) (holding new statute of limitations applies to action filed after effective date of Act), aff'd mem., 37 F.3d 1489 (3d Cir.1994); Jones v. Frank, 819 F.Supp. 923, 925 (D.Colo.1993) (applying old statute of limitations because action filed before enactment date), aff'd on other grounds, 32 F.3d 1454 (10th Cir.1994); McConnell v. Thomson Newspapers, Inc., 802 F.Supp. 1484, 1495-96 (E.D.Tex.1992) (applying new statute of limitations to cause of action filed after date Act effective). In addition, even if the application of the new provisions to this case may be considered retroactive, this Court has previously held that the ADEA statute of limitations is "intended to serve as a conventional limitation on the remedy, not upon the right to bring the action." Mumbower v. Callicott, 526 F.2d 1183, 1187 n. 5 (8th Cir.1975). Thus, we consider the limitations period a procedural rather than a substantive requirement, and have found that "courts apply the procedure in effect when the case is before them." United States v. Higgins, 987 F.2d 543, 546 (8th Cir.1993).