**Jeanette G. GARFIELD,
Plaintiff–Appellant,**

**v.**

**J.C. NICHOLS REAL ESTATE, a common joint venture partnership; J.C. Nichols Realty Co., a Missouri Corporation; New Millennium of Kansas City, Inc., a Kansas Corporation, Defendants–Appellees.**

**Rosemary HORNBECK, Thomas Heller, Donna J. Klammer, Ellen A. McCarthy, Plaintiffs–Appellants,**

**v.**

**J.C. NICHOLS REAL ESTATE, a common joint venture partnership; J.C. Nichols Realty Co., a Missouri Corporation; New Millennium of Kansas City, Inc., a Kansas Corporation, Defendants–Appellees.**

No. 94–2658.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 9, 1995.

Decided June 13, 1995.

Louis C. Accurso, Kansas City, MO, argued (Mary E. Murphy, on the brief), for appellant.

David L. Heinemann, Kansas City, MO, argued (Paul E. Donnelly and Scott C. Hecht, on the brief), for appellees.

Before HANSEN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WILL, Senior District Judge.*

HANSEN, Circuit Judge.

The plaintiffs appeal the district court's [1] order granting summary judgment against them on their age discrimination claims under the Age Discrimination in Employment Act and the Missouri Human Rights Act. The plaintiffs assert that the district court erred in applying the statute of limitations from the 1991 Civil Rights Act to their cases, which were based on conduct occurring before that Act became effective. The plaintiffs also argue that even if the district court applied the correct limitation period, the district court erred in holding that the defendants are not prohibited, under the doctrines of equitable estoppel and waiver, from asserting that the limitation period bars the plaintiffs' claim. We affirm.

---

* The HONORABLE HUBERT L. WILL, Senior United States District Judge for the Northern District of Illinois.

1. The Honorable Howard F. Sachs, Senior United States District Judge for the Western District of Missouri.

## I.

The vast majority of the facts relevant to this appeal are not in dispute. The plaintiffs were real estate agents for the defendants until the plaintiffs were terminated in April and August of 1991. All of the plaintiffs were older than 40 when they were terminated. Each of the plaintiffs filed an individual age discrimination charge with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR). On June 19, 1992, the EEOC issued each of the plaintiffs a right-to-sue letter. The right-to-sue letter contained the following statement:

The fact that the Commission will take no further action does not affect your rights to take legal action on your own behalf. A lawsuit under the Age Discrimination in Employment Act (ADEA) ordinarily must be filed within two years of the date of discrimination alleged in the charge. On November 21, 1991, the ADEA was amended to eliminate this two year limit. An ADEA lawsuit may now be filed any time from 60 days after a charge is filed until 90 days after receipt of notice that EEOC has completed action [on] the charge. Because it is not clear whether this amendment applies to instances of alleged discrimination **occurring before November 21, 1991, if Charging Party decides to sue, a lawsuit should be brought within two years of the date of the alleged discrimination and within 90 days of receipt of this letter,** *whichever is earlier,* in order to assure the right to sue.

(Jt.App. at 51.)

Each of the plaintiffs followed the EEOC's advice and filed his or her complaint in the United States District Court for the Western District of Missouri in late July or early August 1992, well within two years of the date of the alleged discrimination and also well within 90 days of receiving the EEOC's right to sue letter. The parties to these suits stipulated to a consolidation of the cases for the purposes of discovery and pretrial proceedings.

In December 1992 or early January 1993, the plaintiffs' counsel approached the defendants' counsel about the possibility of filing a stipulation to dismiss the suits without prejudice. During the course of the conversations, counsel for the defendants asked if the plaintiffs intended to pursue the matter any further or to refile the actions. Counsel for the plaintiffs recalls answering that he did not know if the suits would be refiled, but he would do so if the plaintiffs requested that he do so. The defendants nevertheless agreed to stipulate to a dismissal without prejudice, and the district court dismissed the cases without prejudice on January 26, 1993.

The plaintiffs refiled their cases on July 28, 1993, seven months after the dismissal without prejudice. The issues raised in the new complaints were nearly identical to the issues in the cases dismissed without prejudice. On November 4, 1993, the defendants filed a motion for summary judgment alleging, among other things, that the plaintiffs' age discrimination actions were untimely under the limitation period prescribed by the 1991 Civil Rights Act because the plaintiffs had not filed the cases within 90 days of the date the EEOC issued its right to sue letter.

The district court agreed that the 90–day limitation period from the 1991 Civil Rights Act governed the case and that the plaintiffs' actions were untimely because they had not been filed within that 90–day period. In reaching that conclusion, the district court rejected the plaintiffs' contention that the defendants were equitably estopped from asserting that the actions were untimely, and rejected their alternative argument that the defendants had waived the right to assert the statute of limitations defense. The plaintiffs appeal.

## II.

▮ The plaintiffs argue that the district court should have applied the statute of limitations in effect under the ADEA prior to the enactment of the Civil Rights Act of 1991. Under the rules in place prior to the Civil Rights Act of 1991, a plaintiff in an age discrimination case generally had two years after the action accrued to file a claim, and three years if the claim alleged a "willful violation." 29 U.S.C.A. § 626(e) (incorporating limitation periods from the Portal-to-Por-

tal Pay Act, 29 U.S.C. § 255(a)) (superseded 1991). The plaintiffs argue that they alleged a "willful violation" of the ADEA and that the three-year limitation period applied. Thus, they contend that the refiling of their actions in July 1993 was well within the three-year period given that their claims accrued when they were terminated in April and August of 1991.

The defendants argue that the district court properly applied the 90–day limitation period found in section 115 of the Civil Rights Act of 1991. Pub.L. 102–166, 105 Stat. 1079 (codified at 29 U.S.C.A. § 626(e) (Supp.1995)). This "new" statute of limitations requires the plaintiff to bring a suit under the ADEA within 90 days after receiving notice that the administrative proceeding has terminated. *Id.* The plaintiffs contend that the 90–day limitation period cannot be applied "retroactively" to cases that accrued before the Civil Rights Act of 1991 took effect. While the plaintiffs acknowledge that "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity," *Landgraf v. USI Film Prod., Inc.,* — U.S. ——, ——, 114 S.Ct. 1483, 1502, 128 L.Ed.2d 229 (1994), the plaintiffs contend that we should treat the statute of limitations in this case as a substantive limit on their case instead of a mere procedural limit on the remedy.

We very recently rejected the substance of plaintiffs' argument when we noted that the limitation period from the Civil Rights Act of 1991 applies to cases filed after November 21, 1991, the effective date of the new limitation period, even if the claim accrued before that date. *Anderson v. Unisys Corp.,* 52 F.3d 764, 766 (8th Cir.1995). We expressed doubt that the statute could be considered "retroactive" in such a case. *Id.* Moreover, we noted that even if the application of the statute of limitations could be considered retroactive, we have previously held that the ADEA statute of limitations is "a procedural rather than a substantive requirement" and that "'courts apply the procedure in effect when the case is before them.'" *Id.* (quoting

*United States v. Higgins,* 987 F.2d 543, 546 (8th Cir.1993)).[2]

The plaintiffs point to the Supreme Court's observations that "the mere fact that the new rule is procedural does not mean that it applies to every pending case" and that "[a] new rule concerning the filing of complaints would not govern an action in which the complaint already had been properly filed under the old regime." *Landgraf,* — U.S. at ——, n. 29, 114 S.Ct. at 1502, n. 29. The plaintiffs contend that the unique posture of this case warrants that the "new" limitation period should not be applied here. We disagree. First, the plaintiffs' case was not a "pending case" that was affected by the new rule. The plaintiffs refiled their complaint well after the Civil Rights Act of 1991 took effect. As we pointed out in *Anderson,* in those circumstances, the application of the statute of limitations is not "retroactive." 52 F.3d at 766. Moreover, we see nothing unique about the "posture" of this case that would require us to depart from the general rule that the courts apply the procedural rules in effect at the time to the cases before them. Accordingly, we conclude that the district court correctly applied the 90–day limitation period from the Civil Rights Act of 1991 in this case.

### III.

The plaintiffs next argue that even if the 90–day limitation applies, the district court erred in finding that the defendants were not equitably estopped from asserting the limitation as a defense in this case. The plaintiffs argue that under Missouri law, a party can be equitably estopped from asserting a statute of limitations where the party seeking to assert the limitation has in any way prevented the other party from filing the lawsuit.

■ Missouri law is inapplicable on questions of estoppel and tolling in cases where a federal claim is at issue and there is a federal statute of limitations for that claim. *See Victor Foods, Inc. v. Crossroads Economic Dev. of St. Charles County, Inc.,* 977 F.2d 1224, 1227 (8th Cir.1992) ("state tolling and

---

**2.** This conclusion is also consistent with the only other circuit court to address this issue to date.

*Vernon v. Cassadaga Valley Cent. Sch. Dist.,* 49 F.3d 886 (2d Cir.1995).

savings provisions do not apply when Congress has provided a federal statute of limitation for a federal claim"). We will thus treat the plaintiffs' equitable estoppel arguments under the appropriate federal standards. In ADEA and Title VII cases:

"The statute of limitations will not be tolled on the basis of equitable estoppel unless the employee's failure to file in a timely fashion is the consequence either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge."

*Kriegesmann v. Barry–Wehmiller Co.*, 739 F.2d 357, 358–59 (8th Cir.1984) (ADEA case) (quoting *Price v. Litton Business Sys., Inc.*, 694 F.2d 963, 965 (4th Cir.1982), *cert. denied*, 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984)); *Hamilton v. West*, 30 F.3d 992, 994 (8th Cir.1994) (Title VII case) (quoting same passage from *Kriegesmann* ). The equitable estoppel inquiry focuses on the employer/defendants' conduct. *Hamilton*, 30 F.3d at 994.

The plaintiffs essentially argue that the defendants "should have unmistakably understood" that the defendants' agreement to the stipulated dismissal without prejudice in the context of this case would cause the plaintiffs to believe they could refile the claims without any adverse consequences from the dismissal. The plaintiffs argue that it is particularly significant that the defendants agreed to the dismissal without prejudice after the 90–day limitation period had already expired. At that point the plaintiffs contend that the defendants either knew the dismissal without prejudice would bar the refiling of the claim and failed to disclose that fact (if indeed the defendants had such an obligation—a proposition we seriously doubt), or the defendants remained silent because they believed that the dismissal without prejudice preserved the plaintiffs' right to refile without a time limitation problem. The plaintiffs also attach great significance to the fact that the defendants knew the plaintiffs would likely refile the claims. Given these facts, the plaintiffs contend that the defendants are estopped from asserting that the limitation period barred the refiled complaint. We disagree.

■ As the district court pointed out, the plaintiffs have failed to show any affirmative conduct by the defendants that was designed to mislead or was unmistakably likely to mislead the plaintiffs in this case. *See Smith v. City of Chicago Heights*, 951 F.2d 834, 840 (7th Cir.1992) (equitable estoppel requires affirmative steps by the defendant which effectively prevented the plaintiff from suing within limitation period); *see also Maitland v. University of Minnesota*, 43 F.3d 357, 364 (8th Cir.1994) (party to be estopped "must have *asserted* a fact or claim, or *made a promise* " that another party relied on) (emphasis added). None of the acts the plaintiffs have alleged constitute affirmative steps by the defendant that was designed to mislead, or was unmistakably likely to mislead, the plaintiffs in this case. First, the plaintiffs have read far too much into the defendants' agreement to the dismissal without prejudice in this case. A dismissal without prejudice does not toll a statute of limitation. *See Simons v. Southwest Petro–Chem, Inc.*, 28 F.3d 1029, 1030 (10th Cir.1994). Indeed, its effect is just the opposite. Once a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed. *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir.1995) ("The effect of a voluntary dismissal without prejudice ... 'is to render the proceedings a nullity and leave the parties as if the action had never been brought' ") (quoting *In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir.1977)).

■ Likewise, we find unpersuasive the plaintiffs' allegation that at the time of the stipulated dismissal, the defendants either knew the 90–day limitation had already expired and said nothing or believed that the plaintiffs had the right to refile. The plaintiffs are essentially arguing that either way, the defendants' silence at the time the defendants agreed to the stipulated dismissal represents affirmative conduct which gives rise to equitable estoppel. Silence, however, generally is not affirmative conduct that gives rise to a finding of equitable estoppel. *See United States v. French*, 46 F.3d 710, 714–15

(8th Cir.1995) (government agency's silence "does not rise to the level of 'affirmative misconduct'" for estoppel purposes); *International Harvester Credit Corp. v. Leaders,* 818 F.2d 655, 659 (8th Cir.1987) (applying Iowa equitable estoppel principles and observing that silence may be basis for estoppel only where there is a duty to speak); *see generally Meyers v. Asics Corp.,* 974 F.2d 1304, 1308 (Fed.Cir.1992) ("Silence alone is not sufficient affirmative conduct to give rise to estoppel"). The plaintiffs have provided no persuasive reason for departing from this general rule.

Similarly, we conclude that the inquiry by defendants' counsel about whether the plaintiffs intended to refile the cases is not affirmative conduct designed to cause, or conduct so unmistakably likely to cause, the plaintiff to refile late. Even if plaintiffs' counsel specifically told the defendants' counsel that the cases might be refiled and the defendants' counsel did not object at that time, that is not sufficient evidence that defendants should have understood that plaintiffs would believe that the defendants were waiving future defenses to the refiling of the claim. *See Simons,* 28 F.3d at 1031 (equitable tolling case concluding that defendants did not actively mislead plaintiffs or lull plaintiffs into inaction by acknowledging that the plaintiffs would refile the suits after a dismissal without prejudice).

■ We conclude there is no evidence that defendants engaged in a "deliberate design" to mislead the plaintiffs or engaged in conduct that they should "unmistakably have understood would cause" the plaintiffs to delay refiling their charge of age discrimination. Thus, the district court committed no error in concluding that the defendants were not equitably estopped from asserting the limitation period.

### IV.

The plaintiffs finally argue that the defendants, by their conduct, waived the right to assert the statute of limitations as a bar to refiling. The parties agree on the applicable standard: there is an implied waiver of a defense or a right only where a party's conduct is "'so consistent with and indicative of

an intention to relinquish [the right] and so clear and unequivocal that no other reasonable explanation of the conduct is possible.'" *Medicare Glaser Corp. v. Guardian Photo, Inc.,* 936 F.2d 1016, 1021 (8th Cir.1991) (quoting *United Missouri Bank South v. Cole,* 597 S.W.2d 209, 211 (Mo.App.1980)) (other quoted source omitted). The plaintiffs make the same arguments in favor of waiver that they made for equitable estoppel. We conclude that the defendants' conduct is neither "consistent and indicative of an intention to relinquish" the statute of limitations defense nor "so clear and unequivocal that no other reasonable explanation" is possible. Thus, the district court committed no error in finding that the defendants did not waive their right to assert the statute of limitations.

### V.

The district court committed no error in concluding that the 90–day limitation from the Civil Rights Act of 1991 barred the plaintiffs' refiled age discrimination claim. According, we affirm the judgment of the district court.