MEMORANDUM OPINION AND ORDER DENYING SECOND FEDERAL PETITION FOR WRIT OF HABEAS CORPUS
 

 BATTEY, Chief Judge.
 

 Petitioner John Thomas Curtis objects to the magistrate judge’s findings and recommendations to dismiss his second federal petition for a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1), this Court now conducts a de novo review of the magistrate judge’s findings and recommendations. As demonstrated below, the Court adopts the magistrate judge’s recommendation to deny the second petition for writ of habeas corpus.
 

 BACKGROUND
 

 Petitioner was tried by a jury and convicted of attempted murder and kidnapping in South Dakota state court. On February 6, 1980, petitioner was sentenced to serve a term of twenty-five years on the attempted murder count and life imprisonment on the kidnapping count, said sentences to run concurrently. Petitioner is presently serving his sentence at the South Dakota State Penitentiary at Sioux Falls, South Dakota. He appealed his conviction to the South Dakota Supreme Court whereupon his conviction was affirmed.
 
 See State v. Curtis,
 
 298 N.W.2d 807 (S.D.1980). On March 8, 1990, this Court denied petitioner’s first petition for writ of habeas corpus which was premised on the trial court’s failure to give petitioner’s proposed jury instruction on kidnapping. Although the petitioner had not pursued a writ of habeas corpus in the state courts, the Court concluded that such an effort would have been fruitless inasmuch as the same issue was fully considered by the State Supreme Court on the appeal and decided adversely to petitioner.
 

 On September 1, 1993, petitioner filed his application for writ of habeas corpus in state court setting forth a number of claims including ineffective assistance of counsel. Petitioner received court-appointed counsel and appointment of experts. On May 18,1994, a full evidentiary hearing was held in state court.
 
 [1]
 
 The state trial court denied the petition for writ of habeas corpus, as well as a motion for certificate of probable cause. On December 23, 1994, the South Dakota Supreme Court also denied issuing a certificate of probable cause.
 

 Oh July 11, 1996, petitioner filed his second federal petition for a writ of habeas corpus based on the same ineffective assistance of counsel and due process claims asserted in the state habeas proceedings.
 
 [2]
 
 The
 
 *705
 
 ease was assigned to Magistrate Judge Marshall P. Young for purposes of entering proposed findings and recommendations. On August 8, 1996, Magistrate Judge Young entered his findings and recommendations that the second petition for a writ of habeas corpus be denied. The magistrate judge determined that the amendments to the habeas statute under the newly enacted Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996) were applicable to petitioner’s case. The magistrate judge concluded that the petition was filed beyond the one-year statute of limitations contained in newly enacted 28 U.S.C. § 2244(d). He further determined petitioner had a prior adjudication of the factual issues on the merits in the state habeas proceeding which were a reasonable determination of the facts, and petitioner had failed to satisfy the burden of rebutting the presumption of correctness of the state court’s adjudication by clear and convincing evidence.
 
 See
 
 28 U.S.C. § 2254(d)(2) and § 2254(e)(1). On August 15, 1996, petitioner filed his objections to the magistrate judge’s findings and recommendations, asserting that the newly enacted Anti-terrorism and Effective Death Penalty Act of 1996 is an ex post facto law when applied to petitioner’s ease.
 

 DISCUSSION
 

 The pivotal issue to be resolved is whether the pertinent provisions of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (codified as amended at 28 U.S.C. §§ 2244 and 2254) [hereinafter “the Act”], which was enacted on April 24, 1996, are applicable to a petition for writ of habeas corpus filed on July 11, 1996. Specifically, this Court must determine whether the time limit provision contained in newly enacted 28 U.S.C. § 2244(d) and/or the amended provisions of 28 U.S.C. § 2254 govern this matter.
 

 The newly enacted section 2244(d) provides as follows:
 

 (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
 

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
 

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or. laws of the United States is removed, if the applicant was prevented from filing by such State action;
 

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
 

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
 

 The Eighth Circuit Court of Appeals has not determined to what extent the amendments brought about by the new Act apply to habeas petitions in noncapital eases filed subsequent to the date of enactment but relating to matters occurring prior to the date of enactment.
 
 See generally Rehbein v. Clarke,
 
 94 F.3d at 481 n. 4 (8th Cir.1996) (declining to rule on the application of the new Act to noncapital cases pending on appeal in light of the fact that the petition faded under any plausible application of the new Act as well as under prior law). However, existing Eighth Circuit precedent on retroactivity, as well as precedent from other circuits on the new Act, support the ultimate conclusion that
 
 *706
 
 the new amendments are applicable to such a petition.
 

 In
 
 Landgraf v. USI Film Prods.,
 
 511 U.S. 244, -, 114 S.Ct. 1483, 1505, 128 L.Ed.2d 229 (1994), the Supreme Court articulated a three-part analysis to aid a court in determining whether “a federal statute enacted after the events in suit” applies to an existing case. The analysis was (1) Determine whether Congress has expressly prescribed the statute’s proper reach. A clear expression of Congress’s intent governs; (2) If no express congressional command is found, the court must determine whether the new statute would have retroactive effect; and (3) If the statute operates retroactively, absent clear congressional intent to the contrary, the presumption against retroactive operation applies and the newly enacted statute does not govern.
 
 Id.
 
 at-, 114 S.Ct. at 1505.
 
 See also Lennox v. Evans,
 
 87 F.3d 431, 432 (10th Cir.1996) (applying the
 
 Landgraf
 
 three-part analysis to aid in its determination that new amendments contained in 28 U.S.C. § 2253(e)(1)(A) (certificate of appealability) applied to all pending cases in which no certificate of probable cause was issued prior to April 24, 1996, the date of enactment);
 
 Leavitt v. Arave,
 
 927 F.Supp. 394, 396-99 (D.Idaho 1996) (applying
 
 Landgraf
 
 analysis in determination that the amended versions of 28 U.S.C. §§ 2244, 2253, and 2254 apply to cases pending in federal court on the date of enactment).
 

 A. CONGRESSIONAL INTENT
 

 The only effective date provision specified in Title I of the Act appears in section 107(e) which provides special procedures for certain death penalty cases.
 
 See
 
 Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (codified as amended at 28 U.S.C. § 2266(c)). Pursuant to section 107(c), death penalty procedures “shall apply to cases pending on or after the date of enactment of this Act.”
 
 Id.
 
 Because petitioner was not subject to a capital sentence, the death penalty procedures do not apply. The amendments to 28 U.S.C. §§ 2244,2253, and 2254
 
 [3]
 
 are silent regarding the date of its applicability to pending non-capital habeas proceedings.
 

 In
 
 Leavitt v. Arave,
 
 927 F.Supp. 394 (D.Idaho 1996), the district court concluded that the purpose, structure, and the legislative history of the Act indicate that Congress intended for the new legislation to govern existing cases.
 
 Id.
 
 at 399.
 
 See also Reyes v. Keane,
 
 90 F.3d 676, 679 (2d Cir.1996) (determining that “the specification of applicability to pending cases in section 107 reflects only Congress’s explicit concern as to death penalty cases, and carries no negative implication as to other habeas cases”). In its legislative history analysis, the district court noted that the joint conference report cited specific consequences of the new Act without drawing a distinction between the amendments and the chapter for special habeas procedures in capital cases.
 
 Id.
 
 at 397 (citing 142 Cong.Rec. H3333 (daily ed. April 15, 1996)). The court further noted that “the bill’s sponsors portrayed the proposed statutory provisions as working in tandem to eliminate habeas abuse.”
 
 Id.
 
 (citing 141 Cong.Rec. S7803-50 (daily ed. June 7, 1995) (statements of Sen. Hatch and Sen. Specter); 142 Cong.Rec. S3350-81 (daily ed. April 16, 1996)). The district court also referenced several instances where the chapter for special habeas procedures in capital cases is dependent upon the application of the amended versions of 28 U.S.C. §§ 2244, 2253, and 2254.
 
 Id.
 
 (citing 28 U.S.C. §§ 2262(e) and 2264(b)).
 

 Finally, the district court concluded that the specific language in section 107(c) of the Act was necessary to negate an inference created by 28 U.S.C. § 2261(b) that operation of the habeas procedures in capital eases was dependent on a state’s adoption of particular standards thereby implying that said procedures would only apply to future state proceedings.
 
 Id.
 
 at 397-98. Because the operation of the amended versions of 28 U.S.C. §§ 2244, 2253, and 2254 are not dependent on a state’s adoption of any particular standards, the district court concluded that Congress could presume that said
 
 *707
 
 amendments would also apply to pending cases because that is the norm for “remedial statutes.”
 
 Id.
 
 at 398 (citing
 
 Landgraf,
 
 511 U.S. at-n. 37, 114 S.Ct. at 1507 n. 37).
 

 Although the Act did not contain an effective date provision for the amendments at issue, said amendments are presumed to have become effective on April 24, 1996, the date the law was enacted.
 
 Hatch v. Oklahoma,
 
 92 F.3d 1012, 1014 n. 2 (10th Cir.1996) (citing
 
 Bradshaw v. Story,
 
 86 F.3d 164, 166 (10th Cir.1996)).
 
 See also United States v. Ferryman,
 
 897 F.2d 584, 588-89 (1st Cir.),
 
 cert. denied,
 
 498 U.S. 830, 111 S.Ct. 90, 112 L.Ed.2d 62 (1990) (general presumption is that statutes become effective at the moment they are signed into law). However, because there is no express command in the statutory amendments at issue concerning their applicability to habeas petitions in noncapital cases filed subsequent to the date of enactment but relating to matters occurring prior to the date of enactment, the Court is required under the second step of the
 
 Landgraf
 
 analysis to determine whether under these circumstances application of the Act would have retroactive effect.
 
 Landgraf,
 
 511 U.S. at-, 114 S.Ct. at 1505.
 

 B. RETROACTIVE OPERATION
 

 According to the Supreme Court, a statute has retroactive effect if “it would impair rights a party possessed when he acted, increase a party’s liability for past conduct, or impose new duties with respect to transactions already completed.”
 
 Id.
 
 To be sure, “[a] statute does not operate ‘retrospectively’ merely because it is applied in a case arising from conduct antedating the statute’s enactment, or upsets expectations based in prior law. Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment.”
 
 Id.
 
 at-, 114 S.Ct. at 1499 (internal citations omitted). The Supreme Court has further instructed that when the new legislation “authorizes or affects the propriety of prospective relief, application of the new provision is not retroactive.”
 
 Id.
 
 at -, 114 S.Ct. at 1501. The statute delineating the scope of habeas proceedings provides prospective relief given its remedial nature.
 
 See Peyton v. Rowe,
 
 391 U.S. 54, 65, 88 S.Ct. 1549, 1555, 20 L.Ed.2d 426 (1968). Thus, amended versions of 28 U.S.C. §§ 2244, 2253, and 2254 would apply to petitioner’s case since their application would not be considered to be retroactive.
 

 A second basis for applying the one-year statute of limitations found at 28 U.S.C. § 2244 is that “[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity.”
 
 Garfield v. J.C. Nichols Real Estate,
 
 57 F.3d 662, 665 (8th Cir.1995) ((quoting
 
 Landgraf,
 
 511 U.S. at -, 114 S.Ct. at 1502) (noting that because rules of procedure regulate secondary rather than primary conduct the fact that a new procedural rule was instituted after the conduct giving rise to the suit does not make application of the rule retroactive)). Because the Court deems 28 U.S.C. § 2244(d) to be procedural in nature, its application in petitioner’s case would not be retroactive.
 
 See generally Garfield,
 
 57 F.3d at 665.
 

 The Court is cognizant of the recent Second Circuit Court of Appeal’s determination that application of the new one-year statute of limitations contained in 28 U.S.C. § 2244(d) would be retroactive where the one-year period ended before April 24, 1996, the effective date of the Act.
 
 Reyes,
 
 90 F.3d at 679 (citing
 
 Kelly v. Burlington Northern R.R. Co.,
 
 896 F.2d 1194 (9th Cir.1990) (applying new, shorter limitations period but providing grace period equal to new limitations period commencing as of date of new rule)). Petitioner’s case is distinguishable from
 
 Reyes.
 
 Under newly enacted 28 U.S.C. § 2244(d), the statute of limitations in petitioner’s case began to accrue on December 23,1994, the date the South Dakota Supreme Court denied issuing a certificate of probable cause. Thus, as was the case in
 
 Reyes,
 
 the one-year period proscribed by the new statute of limitations ended before the effective date of the Act. However, petitioner did not file his second federal habeas petition until July 11, 1996, which is after the statute’s effective date, whereas in
 
 Reyes
 
 the habeas petition was filed on July 13, 1994, over two years prior to the statute’s effective date.
 
 See Reyes,
 
 90 F.3d at 679.
 

 
 *708
 
 The importance of this distinction is further amplified by the Eighth Circuit decision of
 
 Anderson v. Unisys Corp.,
 
 52 F.3d 764 (8th Cir.1995). The
 
 Anderson
 
 court determined that a new statute of limitations contained in the Civil Rights Act of 1991, which became effective November 21, 1991, was applicable to a case which was filed after the effective date of the new provisions.
 
 Id.
 
 at 765 n. 1. The Eighth Circuit concluded that it was “difficult to find the application of the new provisions to [that] case ‘retroactive[ ]’ ” in light of the fact that the action was not filed until after the effective date of the new provisions.
 
 Id.
 
 The
 
 Anderson
 
 court went on to cite numerous district court decisions finding “that the new statute of limitations applies to claims accrued, but not filed, before the date the statute was enacted.”
 
 Id.
 
 (citing
 
 Smith v. ZENECA, Inc.,
 
 820 F.Supp. 831, 832-34 (D.Del.1993) (holding new statute of limitations applies to action filed after effective date of Act),
 
 ajfd mem.,
 
 37 F.3d 1489 (3d Cir.1994);
 
 Jones v. Frank,
 
 819 F.Supp. 923, 925 (D.Colo.1993) (applying old statute of limitations because action filed before enactment date),
 
 ajfd on other grounds,
 
 32 F.3d 1454 (10th Cir.1994);
 
 McConnell v. Thomson Newspapers, Inc.,
 
 802 F.Supp. 1484, 1495-96 (E.D.Tex.1992) (applying new statute of limitations to cause of action filed after date Act effective)).
 
 See also Griffin v. Endicott,
 
 932 F.Supp. 231, 232 (E.D.Wis. 1996) (dismissing habeas petition filed on June 7,1996, because it was filed beyond the one-year period of limitation imposed by newly enacted 28 U.S.C. § 2244(d)(1));
 
 United States v. Cota-Loaiza,
 
 936 F.Supp. 756, 758-59 (D.Colo.1996) (determining that certificate of appealability requirement of newly amended 28 U.S.C. § 2253(c) applied to section 2255 petitioner who filed a notice of appeal after the effective date of the new Act);
 
 Hatch,
 
 92 F.3d at 1014 (concluding that application of the new Act was not retroactive, and thus does not implicate the Ex Post Facto Clause, where petitioner filed application for an order authorizing a second or successive habeas petition on July 9, 1996, more than two months after the new Act’s enactment).
 

 Based on the foregoing reasons, the Court finds that the application of the new amendments to 28 U.S.C. §§ 2254 and 2244(d) are not retroactive; thus, the presumption against retroactive operation is inapplicable and the new provisions govern. Hence, the Court will “ ‘apply the law in effect at the time it renders its decision,’ even though that law was enacted after the events that gave rise to the suit.”
 
 Landgraf
 
 511 U.S. at -, 114 S.Ct. at 1501 (quoting
 
 Bradley v. Richmond School Bd.,
 
 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974)).
 

 C. GROUNDS FOR DISMISSAL OF PETITION
 

 Pursuant to 28 U.S.C. § 2244(d), the one-year statute of limitations in petitioner’s case began to accrue on December 23, 1994, the date the South Dakota Supreme Court denied issuing a certificate of probable cause. Petitioner did not file his second federal petition for a writ of habeas corpus until July 11, 1996. Hence, the second federal petition is time barred.
 

 As duly noted by the magistrate judge, petitioner’s case also fails under the newly amended 28 U.S.C. § 2254 analysis. Petitioner had an adjudication of the factual issues concerning his ineffective assistance of counsel and denial of due process claims on the merits in the state habeas proceeding in which a full evidentiary hearing was held in state court and petitioner received court-appointed counsel and appointment of experts.
 
 See
 
 28 U.S.C. § 2254(d). A review of the state court decision clearly demonstrates that: (1) the state court determination was not contrary to nor did it involve an unreasonable application of clearly established federal law; and (2) the determination was a reasonable determination of the facts in light of the evidence presented in the proceedings.
 
 Id.
 
 To be sure, petitioner has not satisfied the burden of rebutting the presumption of correctness by clear and convincing evidence.
 
 Id.
 
 at § 2254(e)(1).
 
 [4]
 
 Accordingly, the Court
 
 *709
 
 adopts the magistrate judge’s findings and recommendations to dismiss the petition. It is hereby
 

 ORDERED that petitioner’s second federal petition for a writ of habeas corpus (Docket # 1) is dismissed.
 

 [1]
 

 . The Court has reviewed the 172-page transcript from the evidentiary hearing.
 

 [2]
 

 . The Court notes that although petitioner has filed successive petitions for a writ of habeas corpus in federal court, there is no abusive writ concern in light of the fact that the first petition was filed for the limited purpose of addressing the proposed jury instruction on kidnapping
 
 *705
 
 claims previously reviewed by the South Dakota Supreme Court. At the time petitioner filed his first petition, he would have been unable to assert his ineffective assistance of counsel and due process claims because he had not yet complied with the state exhaustion requirements.
 
 See generally Rehbein v. Clarke,
 
 94 F.3d 478, 482-83 (8th Cir.1996) (discussing the principles that govern abuse of writ claims).
 

 [3]
 

 . Sections 101, 102, 104, and 106 of Title I of the Act amend statutory provisions 28 U.S.C. §§ 2244, 2253, and 2254.
 

 [4]
 

 . A review of the state court decision also demonstrates that the petition would also fail under any plausible application of the prior law found at 28 U.S.C. § 2254(d). This conclusion is based on the fact that (1) the state court proceeding resolved the merits of the factual dispute con
 
 *709
 
 ceming the ineffective assistance of counsel and due process claims; (2) the fact finding procedure employed by the state court was adequate to afford a full and fair hearing; (3) material facts were adequately developed in the state proceedings; (4) the state court had both subject matter and personal jurisdiction; (5) petitioner received court-appointed counsel; (6) petitioner received a full, fair, and adequate hearing in the state court proceeding; (7) the applicant was not denied due process of law in the state court proceeding; and (8) the factual determinations made by the state court is fairly supported by the record of the state court proceeding. As was the case under the new amendments, under prior law petitioner has failed to establish by convincing evidence that the factual determination by the state court was erroneous.