Cristina **LOPEZ BAEZ,** Plaintiff,

v.

**SEARS ROEBUCK CORP.,** Defendant.

**No. Civ. 99–1846(HL).**

United States District Court,
D. Puerto Rico.

June 30, 2000.

Frank D. Inserni–Milam, San Juan, PR, for Cristina Lopez–Baez, plaintiff.

Gregory T. Usera–Macfarlane, Miriam B. Toledo–David, Schuster Usera Aguilo & Santiago, San Juan, PR, for Sears Roebuck Company, defendant.

Gregory T. Usera–Macfarlane, Miriam B. Toledo–David, Schuster Usera Aguilo & Santiago, San Juan, PR, for Sears Roebuck de Puerto Rico, Inc., defendant.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a motion to dismiss by Defendant Sears Roebuck Corporation.[1]

Plaintiff is Cristina López Baez ("López"). In her complaint she alleges that she was the victim of sexual harassment, sexual discrimination, and unlawful retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1). She also brings claims pursuant to the Court's supplemental jurisdiction[2] under Puerto Rico's Law 17,[3] Law 69,[4] Law 100,[5] and Article 1802 of the Civil Code.[6]

The Court takes all well-pleaded allegations to be true and draws all reasonable inferences in the plaintiff's failure. *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.1999).[7] López alleges that she was the subject of harassment while she worked for Sears in 1995 and 1996. She was terminated in October 1996. She filed a timely claim with the Puerto Rico Anti–Discrimination Unit and received a right-to-sue letter on July 23, 1997. She then sought redress in federal court. The present cause of action is the second case she has filed in this Court for the alleged harassment and discrimination. López filed her first cause of action, Civil number 97–2519(HL) in this Court on October 15, 1997. In the first cause of action, López' attorney filed on February 2, 1999, a motion for leave to withdraw.[8] The Court granted the motion to withdraw and granted López until April 16, 1999, to retain new counsel and have that counsel make an appearance. The order further stated that failure to comply with this deadline would result in the imposition of sanctions,

---

1. The motion is also filed on behalf of Sears Roebuck de Puerto Rico. However, this entity is not a named party to this case.

2. 28 U.S.C.A. § 1367(a) (West 1993).

3. P.R.Laws Ann. tit. 29, §§ 155–155*l* (1995).

4. P.R.Laws Ann. tit. 29, §§ 1321–1341 (1995).

5. P.R.Laws Ann. tit. 29, §§ 146–151 (1995).

6. P.R.Laws Ann. tit. 31, § 5141 (1990).

7. Sears styles its motion as being filed pursuant to Federal Rule 12(b)(1) to dismiss for

lack of subject matter jurisdiction. However, the timeliness of an employment discrimination claim is not jurisdictional. *See McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498, 505 (1st Cir.1996); *Figueroa v. Fajardo*, 1 F.Supp.2d 117, 119 (D.P.R.1998). Thus, the Court will construe the motion to be one for failure to state a claim, pursuant to Rule 12(b)(6). This distinction is of no moment, for the standard of review is the same under both Rule 12(b)(1) and Rule 12(b)(6). *See Rogan*, 175 F.3d at 77 (Rule 12(b)(6)); *Sea Shore Corp. v. Sullivan*, 158 F.3d 51, 54 (1st Cir.1998) (Rule 12(b)(1)).

8. Civil no. 97–2519(HL), docket no. 9.

including the dismissal of the case.[9] When López failed to respond to this deadline, the Court entered judgment on April 30, 1999, dismissing her case without prejudice.[10] She subsequently filed motions for additional time to make an appearance through counsel, but they were denied.[11] In a margin order denying her second motion for additional time, the Court stated that López could refile her claims, if they were timely.[12] She did not take an appeal in her first case.

On July 30, 1999, she filed the present case for the same facts alleged in her earlier case. Sears argues in its motion to dismiss that the present case is untimely because it was filed more than 90 days after López received her right-to-sue letter. López has opposed the motion to dismiss. For the reasons set forth below, the Court grants the motion and dismisses this case.

### DISCUSSION

A Title VII plaintiff must file a civil action within 90 days of receiving a right-to-sue letter. 42 U.S.C.A. § 2000e–5(f)(1) (West 1994); *Chico–Velez v. Roche Products, Inc.*, 139 F.3d 56, 58 (1st Cir.1998). López received her right-to-sue letter on July 23, 1997, and filed the complaint in the present case more than two years later on July 30, 1999. Thus, her claim is untimely.

■ She argues that the filing of 97–2519(HL) tolled the running of this ninety-day period; that a new ninety-day period started to run when this first case was dismissed on April 30, 1999; and that therefore the present case is timely. In making this argument, López invokes Article 1873 of the Puerto Rico Civil Code which provides that a statute of limitations is tolled by the filing of an action in court.

P.R.Laws Ann. tit. 31, § 5303 (1990); *Tokyo Marine and Fire Ins. v. Perez & Cia. De Puerto Rico*, 142 F.3d 1, 4 (1st Cir. 1998). Unfortunately for López, state or local laws on tolling are inapplicable to a claim under a federal law for which Congress has provided a statute of limitations. *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 665–66 (8th Cir.1995); *Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, 665 (9th Cir.1980). The dismissal without prejudice of an employment discrimination claim does not toll the statute of limitations. *Chico–Velez*, 139 F.3d at 59; *Garfield*, 57 F.3d at 665–66; *Brown v. Hartshorne Pub. Sch. Dist. # 1*, 926 F.2d 959, 961 (10th Cir.1991); *Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1027 (5th Cir.1988); *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir.1987). Once judgment is entered for a dismissal without prejudice, "it is as if no suit had ever been filed." *Garfield*, 57 F.3d at 666; *see also Brown*, 926 F.2d at 961; *Neal v. Xerox Corp.*, 991 F.Supp. 494, 498 (E.D.Va. 1998). Thus, in determining whether the present case is timely, the Court must make its analysis as though case number 97–2519(HL) had never been filed. Under such an analysis, the present case is untimely.

■ In her opposition, López states that she does not seek protection under the doctrine of equitable tolling.[13] Any attempt to invoke this doctrine would have been unavailing. Equitable tolling is not to be applied liberally, *Chico–Velez*, 139 F.3d at 58–59, and is generally allowed only when a plaintiff misses a deadline due to circumstances beyond her control, *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 279 (1st Cir.1999). This is not such a case.

---

**9.** Civil no. 97–2519(HL), docket no. 10.

**10.** Civil no. 97–2519(HL), docket no. 11.

**11.** Civil no. 97–2519(HL), docket nos. 12 & 15.

**12.** Civil no. 97–2519(HL), docket no. 15.

**13.** Docket no. 12, at 3.

López does argue that the Federal Rules provide that controversies be resolved in a just manner, *see* Fed.R.Civ.P. 1, and that because the dismissal of her first case was without prejudice, she should be allowed to proceed. The judgment in 97–2519(HL) was without prejudice. However, the Court informed López in that case that she could refile her claims, *provided* they were timely.[14] As discussed above, they are not. As to her argument that her claim should be resolved in a just manner, limitations periods will inevitably cause hardships for those who do not comply with them. *Mercado–Boneta v. Administracion del Fondo de Compensacion*, 125 F.3d 9, 17 (1st Cir. 1997). The filing periods in Title VII reflect Congress' value judgments as to which claims should be allowed to proceed and which should fail as being too old. *Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 47–48 (1st Cir.1999). The Court is bound to respect and uphold these value judgments. Thus, López' claim must be dismissed as being untimely.

WHEREFORE, the Court grants Sears' motion to dismiss (docket no. 6). Judgment shall be entered dismissing the Title VII claim with prejudice. The Puerto Rico law claims shall be dismissed without prejudice. *See Houlton Citizens' Coalition v. Town of Houlton*, 175 F.3d 178, 192 (1st Cir.1999).

**IT IS SO ORDERED.**

---

**14.** Civil no. 97–2519(HL), docket no. 15.