Paul Rasmussen SKIDMORE,
et al, Plaintiffs,

v.

AMERICAN AIRLINES,
INC., Defendant.

Civil No. 01–1604(HL).

United States District Court,
D. Puerto Rico.

April 5, 2002.

Michael Trias–Fraticelli, Hato Rey, PR, for plaintiffs.

James D. Noel–High, Anita Montaner–Sevillano, McConnell Valdes, San Juan, PR, Angel Castillo, Jr., Miami, FL, for defendant.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a motion for summary judgment by Defendant American Airlines, Inc. Plaintiffs are Paul Rasmussen Skidmore ("Rasmussen") and Elinor Parker Hill, who appears to be Rasmussen's wife. Plaintiffs claim that while Rasmussen was working for American in 1998 he was terminated in violation of the Americans with Disabilities Act [1] ("ADA") and the Rehabilitation Act of 1973.[2] They also bring claims pursuant to the Court's supplemental jurisdiction [3] under the Puerto Rico Constitution [4] and Article 1802 of the Puerto Rico Civil Code.[5]

The Court reviews the record in the light most favorable to Plaintiffs and draws all reasonable inferences in their favor. *See LeBlanc v. Great American Ins. Co.*, 6 F.3d 836, 841 (1st Cir.1993). Plaintiffs allege that Rasmussen became an American employee in 1989 and that he was terminated in July 1998.[6] Rasmussen filed an administrative claim with the EEOC and received a right to sue letter on February 3, 1999. This letter informed Rasmussen that he had ninety days from the date of his receipt of the letter to bring an ADA action in federal court.[7] On April 30, 1999, Rasmussen filed a *pro se* claim in this District Court against American and individual employees, in which he alleged a violation of the ADA. The complaint did not allege any Puerto Rico law violations.[8] On July 27, 2000, the Court dismissed without prejudice Rasmussen's claim for failure to timely serve.[9] Rasmussen had also filed on March 5, 1999, a similar claim against American in the United States District Court for the Eastern District of New York. That court dismissed the claim on August 13, 1999, after Rasmussen moved to voluntarily dismiss the action there.[10]

Plaintiffs filed the present action on May 9, 2001. American moves to dismiss this

---

1. 42 U.S.C.A. §§ 12101 – 12213 (West 1995 & Supp.2001).

2. 29 U.S.C.A. §§ 701 – 796*l* (West 1999 & Supp.2001).

3. 28 U.S.C.A. § 1367(a) (West 1993).

4. 1 P.R.Laws Ann. (1999).

5. 31 P.R.Laws Ann. § 5141 (1990).

6. Docket no. 1, at 2.

7. Docket no. 9, at 1; docket no. 7, exhibit B.

8. Civil no. 99–1467(JAF), docket no. 2.

9. Civil no. 99–1467(JAF), docket nos. 20 & 21.

10. Docket no. 9.

case on the grounds that it is time-barred. Plaintiffs have opposed the motion. For the reasons set forth below, the Court grants American's motion and dismisses this case.

## DISCUSSION

### 1. Federal law claims

#### a. ADA

■■■ Plaintiffs claim that American violated Rasmussen's rights under the ADA. An ADA plaintiff must comply with the administrative claim requirements of Title VII. *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 277 (1st Cir.1999). Under Title VII, a plaintiff must file a civil action within 90 days of receiving a right-to-sue letter. 42 U.S.C.A. § 2000e–5(f)(1) (West 1994); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149, 104 S.Ct. 1723, 1724–25, 80 L.Ed.2d 196 (1984); *Chico–Velez v. Roche Products, Inc.*, 139 F.3d 56, 58 (1st Cir.1998). Rasmussen received his right-to-sue letter on February 3, 1999. Plaintiffs filed the present action on May 9, 2001, more than two years after the receipt of the right-to-sue letter. Thus, the ADA claim is untimely.

In their opposition, Plaintiffs cite to case law on Title II of the ADA. Title II deals with public services that are furnished by government entities. *See* 42 U.S.C.A. §§ 12131–12165; *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 589–93, 119 S.Ct. 2176, 2181–83, 144 L.Ed.2d 540 (1999). Employment discrimination claims, such as the one brought by Plaintiffs, are covered by Title I, 42 U.S.C.A. §§ 12111 – 12117. As detailed above, a claim proceeding under Title I of the ADA is governed by the administrative and filing requirements of Title VII.

■■■ Plaintiffs also argue that the filing of his first claim in this Court on April 30, 1999, tolled the statute of limitations. Under Puerto Rico law, a statute of limitations is tolled by the filing of an action in court. 31 P.R.Laws Ann. § 5303 (1990); *Tokyo Marine and Fire Ins. v. Perez & Cia., De Puerto Rico*, 142 F.3d 1, 4 (1st Cir.1998). However, state or local laws on tolling are inapplicable to a claim under a federal law for which Congress has provided a statute of limitations. *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 665–66 (8th Cir.1995); *Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, 665 (9th Cir.1980). The dismissal without prejudice of an employment discrimination claim does not toll the statute of limitations. *Chico–Velez*, 139 F.3d at 59; *Garfield*, 57 F.3d at 665–66; *Brown v. Hartshorne Pub. Sch. Dist. # 1*, 926 F.2d 959, 961 (10th Cir.1991); *Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1027 (5th Cir.1988); *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir.1987); *Lopez Baez v. Sears Roebuck Corp.*, 102 F.Supp.2d 65, 67 (D.P.R.2000). Once judgment is entered for a dismissal without prejudice, "it is as if no suit had ever been filed." *Garfield*, 57 F.3d at 666; *see also Brown*, 926 F.2d at 961; *Neal v. Xerox Corp.*, 991 F.Supp. 494, 498 (E.D.Va. 1998), *aff'd*, 155 F.3d 560 (4th Cir.1998) (Unpublished table case). Thus, in determining whether the present ADA claim is timely, the Court may not consider either of the previous cases that Rasmussen filed in federal court. Accordingly, his ADA claim is untimely.[11]

---

11. Even if, as Plaintiffs argue, the first case that Rasmussen filed in this District had served to toll the statute of limitations, the present case would still be untimely. The earlier case was dismissed on July 27, 2000.

Once dismissed, a ninety-day period would have begun to run anew. *See Chico Velez,* 139 F.3d at 59. Plaintiffs did not file the present case until May 9, 2001, much more

*b. Rehabilitation Act*

██ Plaintiffs also invoke section 504 of the Rehabilitation Act. This statute prohibits disability discrimination by the federal government and by recipients of federal funds. *Leary v. Dalton,* 58 F.3d 748, 751–52 (1st Cir.1995). Plaintiffs do not explain in their complaint how American is covered by this statute. Nonetheless, the Court will assume for purposes of this motion that American receives federal funds. A non-federal employee proceeding under section 504 is not required to exhaust administrative remedies. *Brennan v. King,* 139 F.3d 258, 268 n. 12 (1st Cir. 1998); *Tuck v. HCA Health Services of Tenn., Inc.,* 7 F.3d 465, 471 (6th Cir.1993). The procedures set forth in Title VI of the Civil Rights Act of 1964 apply to section 504 claims. 29 U.S.C.A. § 794a(a)(2). Title VI does not, however, provide a statute of limitations. To fill this void, courts have applied the statute of limitations from either the state's personal injury statute, *see Everett v. Cobb County Sch. Dist.,* 138 F.3d 1407, 1409 (11th Cir.1998), or the state's analogous disability discrimination statute, *see McCullough v. Branch Banking & Trust Co.,* 35 F.3d 127, 129–32 (4th Cir.1994).

██ In the present case, the Court need not decide which statute of limitations to apply, as both the personal injury and disability discrimination statutes have the same prescriptive term. In Puerto Rico, a plaintiff has one year to file a personal injury claim. *See* 31 P.R.Laws Ann. § 5298. And "Law 44," [12] the local disability discrimination statute, has adopted the procedures of "Law 100." *See* 1 P.R.Laws Ann. § 511. Law 100, in turn, has a one-year statute of limitations. *Landrau–Romero v. Banco Popular De Puerto Rico,* 212 F.3d 607, 615 (1st Cir.2000). Thus, under either statute, Rasmussen had one year to bring a Rehabilitation Act claim. He was terminated in July 1998. The present case—which was the first time Plaintiffs have raised the Rehabilitation Act—was filed May 9, 2001, almost three years later. Accordingly, to the extent that Rasmussen even has a viable Rehabilitation Act claim, it too is time-barred.

*2. Puerto Rico law claims*

██ Plaintiffs also bring a claim under Article 1802, the Puerto Rico Civil Code's negligence provision. 31 P.R.Laws Ann. § 5141. Defendants assert that this claim is time-barred as well. The prescriptive period for an Article 1802 claim is one year. *Id.* § 5298. As discussed in the previous section, the present claim was filed well more than a year after Rasmussen was terminated. This prescriptive period may be tolled by, among other things, the institution of an action in court. *Id.* § 5303; *Tokyo Marine,* 142 F.3d at 4. This tolling will be effective, however, only as to identical causes of action. *Benitez–Pons v. Commonwealth of Puerto Rico,* 136 F.3d 54, 59 (1st Cir.1998). Related claims arising out of the same set of facts will not be tolled. *Id.* at 59–60.

██ In the present case, Rasmussen's first case in this Court invoked only the ADA. His complaint did not have a cause of action based on Article 1802. There is nothing in the record to demonstrate that Plaintiffs have instituted an earlier court action based on Article 1802 that could serve to toll the one-year limitations period. Because there is no earlier identical cause of action that could have tolled

than ninety days after the first case was dismissed.

**12.** 1 P.R.Laws Ann. §§ 501 – 511 (1999).

Plaintiffs' Article 1802 claim, that claim is also time-barred.[13]

Lastly, Plaintiffs also bring a claim under section 1, article II of the Puerto Rico Constitution. The Puerto Rico Supreme Court has recognized the right to bring a private cause of action for a violation of the local constitution. *See Quiñones v. Commonwealth of Puerto Rico,* 90 P.R.R. 791, 794 (1964). The parties have not, however, discussed in their motions what statute of limitations would be applicable to such a claim.[14] Rather than delve into this novel area of the law, the more prudent step is to dismiss this claim without prejudice. *See Pejepscot Indus. Park, Inc. v. Maine Cent. R.R.,* 215 F.3d 195, 206 (1st Cir. 2000).

WHEREFORE, the Court **grants** American's motion for summary judgment (docket no. 7). The Court dismisses all Plaintiffs' claims with prejudice, save for the Puerto Rico constitutional claim, which is dismissed without prejudice. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

13. Elinor Parker Hill is also a plaintiff in the present case. She did not appear in either of the previous federal actions that Rasmussen brought. Thus, there is no earlier court action that could even arguably be considered to toll any Article 1802 claim that she might have.

14. The Puerto Rico Supreme Court, in ruling on the statute of limitations for Law 100, looked to the prescriptive term of the most analogous statute. *See Olmo v. Young & Rubicam of Puerto Rico,* 110 D.P.R. 740, 745–48, 10 Official Translations 965, 971–75 (1981). Under a similar approach in the present case, a reasonable argument could be made that Plaintiffs' constitutional claim should borrow the statute of limitations either from Law 100 because it is based on employment discrimination or from Article 1802 because it is a constitutional tort. *See generally Beauchamp v. Holsum Bakers,* 116 D.P.R. 522, 526–27, 16 Official Translations 641, 646–47 (1985) (Laws covering the same matter should be interpreted *in pari materia*); *Matos Ortiz v. Commonwealth of Puerto Rico,* 103 F.Supp.2d 59, 63–65 (D.P.R.2000) (Puerto Rico's employment discrimination laws should be interpreted *in pari materia*); Demetrio Fernández Quiñones, *Interpretación judicial de los términos patrono y empleado, según las leyes que prohiben el discrimen en el empleo,* Departamento del Trabajo y Recursos Humanos – Unidad Antidiscrimen, Año 2, Núm. 3, 33, 35 (Sept.2000).